Moses Levy and A. Seavers *v*. Elizabeth Weber and Jean Tournee.

Where an amended petition, which changed materially the action, was never served on the defendant, and its allegations never put at issue—it will not be considered as constituting any part of the pleadings.

In suits instituted by plaintiffs against one *Weber*, an attachment was levied on a lot and buildings in possession of defendants.  Defendants intervened, and claimed the property, by purchase, from *Weber*.  Plaintiffs answered that the sale to defendants was fraudulent and simulated.  Judgment was rendered in favor of plaintiffs for the amount of their claims, "with privilege on the property attached."  Execution was issued, and from the Sheriff's return it appeared that the property attached was adjudicated to the plaintiffs.  Defendants refused to give up the property, and this action was brought for property.

*By the Court:* It does not appear that either of the defendants was ever notified of the sale, and as the plaintiffs allege, they have continued to occupy the premises since the sale.  It must be conceded that the proceedings in those suits were exceedingly loose and irregular.  There is nothing in the record which shows that the claim of the intervenor was adjudicated upon, or that it was abandoned; neither does it appear that the intervenor had any knowledge of the judgment rendered against her vendor, recognizing the attaching creditor's privilege on the property.  In the absence of such proof, and in view of all the circumstances disclosed by the record, it is clear that the rights of the intervenor must stand unaffected.  So thought the District Judge, for his judgment was chiefly based on the ground that the plaintiffs were bound to resort to the revocatory action.

APPEAL from the District Court, Third District, Parish of Jefferson, *Clarke*, J.  *Jourdan*, for plaintiffs and appellants.  *Dufour*, for defendants.

Voorhies, J.   The plaintiffs allege that they purchased a certain lot of ground and buildings, situated in the Faubourg Delassise, Parish of Jefferson, at a Sheriff's sale on the 28th of February, 1852 ; and that the defendants having occupied said property since that time, although requested, have refused to pay rent, and to remove from the same ; whereupon, they pray that the defendants be ejected from the said property, and decreed to pay them one hundred dollars damages.

<div style="margin-left:margin">LEVY<br>
<i>v.</i><br>
WEBER.</div>

The defendant, *Elizabeth Weber*, avers that she purchased the property in dispute, *bona fide*, from *Peter Weber*, by notarial act, on the 5th of March, 1851, and afterwards, on the 10th of July, 1851, conveyed one undivided half thereof to her co-defendant, *Jean Journée*, for a valuable consideration. Both of the defendants aver that they have been in the uninterrupted possession of said property from the date of their respective conveyances.

It appears that the plaintiffs, in a supplemental petition, attacked the conveyances set up by the defendants, on the ground of fraud and simulation. But as it does not appear that that amendment, though material, as it altered the plaintiff's demand, was ever served on the defendants, or put at issue, it is clear that it cannot be considered as constituting any part of the pleadings in this action. The plaintiffs' right of action must, therefore, rest on the legality of the title under which they claim.

It appears that in a suit instituted by *Moses Levy*, one of the plaintiffs, against *Peter Weber*, a writ of attachment was levied on the property in dispute.. The defendant, *Elizabeth Weber*, intervened in that suit, by way of third opposition, and claimed the same by purchase from *Peter Weber*, on the 5th of March, 1851. *Moses Levy* answered the third opposition, by pleading a general denial, and averring that the property attached belonged to *Peter Miller;* that the pretended sale set up by the intervenor, if any such existed, being made on the eve of the absconding of *Peter Miller*, of which the intervenor had knowledge, was fraudulent, collusive and void ; that it was a mere simulation, and if not such, the price was far beneath the value of said property. On the trial of that case, it appears that the only judgment rendered, was a judgment in favor of *Moses Levy* againt *Peter Weber*, for the amount of his claim, " with privilege on the property attached."

A second attachment suit was instituted by *A. Seavers*, the other plaintiff, against *Peter Weber*, in which the pleadings and judgment appear to be substantially similar to those in the other case. An execution was issued on the judgment in the former case. From the return of the Sheriff on it, it appears that the property in dispute was adjudicated to the plaintiffs on the 28th of February, 1852, at a coffee-house, at the corner of Rousseau and Philip streets, where the sale was advertised to take place. It does not appear that either of the defendants was ever notified of it; and, as the plaintiffs allege, they have continued to occupy the premises since that sale.

It must be conceded that the proceedings in those suits were exceeding loose and irregular. There is nothing in the record which shows that the claim of the intervenor was ever adjudicated upon, or that it was abandoned. Neither does it appear that the intervenor ever had any knowledge of the judgments rendered against her vendor, recognizing the attaching creditor's privilege on the property. In the absence of such proof, and in view of all the circumstances disclosed by the record, it is clear that the rights of the intervenor must stand unaffected. So thought the District Judge, for his judgment was chiefly based on the ground that the plaintiffs were bound to resort to a revocatory action.

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs.

SLIDELL, C. J.    I have not examined the merits of this cause, being of opinion that the motion to dismiss, made by the appellee in this case, should prevail, the transcript being incomplete.    See *Guillart* v. *Marcelline*, 7 Annual, p. 442.