THOMAS SHEA, d. b. a., *vs.* AGNES KERR, p. b. r.

*Assumpsit—Common Counts—Account Stated.*

1.  The narr was in common counts, the claim being based upon a breach of contract, and also for money paid, which defendant agreed to refund.  *Held*, that motion for non-suit because there could be no recovery on common counts would be refused, as the testimony showed money paid.

2.  To recover on account stated, it must appear that the account was stated and the amount admitted to be due by the party said to be charged.

3.  New trial ordered because the verdict was excessive.

(*February 17, 1898.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*James Ponder* for plaintiff below.

*David T. Marvel* and *William Michael Byrne*, for defendant below.

Superior Court, New Castle County, February Term, 1898.

ACTION OF ASSUMPSIT. Narr in common counts, the claim being based upon an alleged verbal contract. The plaintiff testified to the terms of the contract, which were that she was to receive thirty-five dollars per week as leading lady in the theatrical company of the defendant below, and that either party was to give two weeks' notice to the other if it was desired to terminate the contract ; that she performed with the company of the defendant for several weeks, and that her work was pronounced satisfactory by him, and that without assigning any reason or without giving any notice she was discharged by the defendant, being paid in full for services up to the time of her discharge. The suit was brought for the recovery of the two weeks' services which she tendered herself ready to perform, but which services it was alleged she was deprived of the opportunity of rendering by the action of the defendant. There was also a claim for an unpaid balance of three dollars and sixty-two cents for car fare, which it was alleged the defendant had agreed to refund to the plaintiff, but failed so to do.

*Mr. Marvel* moved for a non-suit, on the ground that no recovery could be had on the common counts, and there was no special count in the plaintiff's narr, and the claim for railroad fare was, according to plaintiff's testimony, for fare before employment.

LORE, C. J :—There is testimony as to money she paid for railroad fare. We refuse the non-suit.

### PLAINTIFF'S PRAYERS.

The plaintiff prayed the Court to instruct the jury that where a special contract has been entered into between parties, and everything has been done except the payment of the money, recovery can be had under an account stated.

*Bayard vs. McLane, 3 Harr, 139; Hurlock vs. Murphy & Coperthwaite, 2 Houst., 550.*

### DEFENDANT'S PRAYERS.

The defendant prayed the Court to instruct the jury, in part, as follows :

1.   That if the jury believe the contract which the defendant offered in evidence to be the contract existing between the parties, the same being in writing and signed by the plaintiff, and if all the railroad fare during the rehearsals was paid by Mr. Shea, the plaintiff cannot recover for railroad fare after she undertook her services under the contract with the defendant.

2.   That under the evidence in this case and under the pleadings, no recovery can be had by the plaintiff below respondent, the narr containing nothing but the common counts, and there being no evidence of an account stated.

Lore, C. J., charging the jury :

Gentlemen of the jury :—This is an action brought by Agnes Kerr, plaintiff below, against Thomas E. Shea, defendant below, to recover the sum of seventy-three dollars and sixty-two cents, which she claims to be due her—$70.00 of the amount being, as she alleges, for two weeks' services at $35.00 per week as leading lady in the defendant's theatrical company, and $3.62 being for car fare.

The .ounsel for the plaintiff asks us to charge you that the seventy dollars may be recovered under that count of his declaration which is an account stated.

We say to you that no recovery can be had under an account stated, unless there be evidence before you which satisfies your mind by a preponderance of evidence, that there was an account stated between these two persons, in which the person said to be charged, stated or admitted a certain sum to be due and owing from him to the other.   In the absence of any such proof, no recovery can be had under the account stated, the only count in this case under which it is claimed that the sum of seventy dollars can be recovered.

As to the other claim of three dollars and sixty-two cents for car fare, there is a count in the declaration for money paid and laid out.   If you believe from the evidence (and that is before you) that Mrs. Kerr paid and laid out three dollars and sixty-two cents, which the defendant Shea agreed to pay her,

then she would be entitled to recover to that extent. That is a matter of evidence before you.

You understand that in order to warrant a recovery as to the seventy dollars under the account stated, there must be some evidence before you that an account was stated, and that the amount was admitted to be due by the party said to be charged. As to the three dollars and sixty-two cents, that depends entirely upon the evidence before you as to whether or not there was an agreement between these parties which made the defendant liable for the payment of this sum which is alleged to be due for car fare.

The evidence is before you, and it is entirely for you to say, under the charge of the Court, what, if any, sum is due from the defendant to the plaintiff.

Verdict for plaintiff below for $73.62.

Counsel for defendant thereupon moved for new trial, upon the ground that the verdict was against the law and the evidence, and grossly excessive. The Court, upon motion, granted a rule to show cause why the verdict should not be set aside and the defendant let into a new trial. On March 16th, after hearing argument ;

Rule made absolute and new trial ordered.