MICHAEL DOMINICK, otherwise known as MATTHEW DOMINICK, d. b. a., *vs.* HARMONY TALKING MACHINE COMPANY, p. b. r.

1.  PLEADING—DEMURRER—DETERMINATION.

On demurrer to a pro-narr. setting up an action in assumpsit in one count and an action in covenant in another count, it must be presumed that they are based upon separate causes of action, as an action in assumpsit and an action in covenant will not lie indifferently to the same cause of action.

2.  JUSTICES OF THE PEACE—APPEAL—REVIEW—SCOPE AND EXTENT.

Upon appeal from a justice of the peace to the Superior Court, only the same cause of action that was decided below will be retried; and though it may be stated in different ways in different counts of the pleadings in the Superior Court, a cause of action that was not tried below cannot be tried on appeal.

3.  JUSTICES OF THE PEACE—APPEAL—REVIEW—TRIAL OF CAUSE ANEW—PLEADING.

On appeal from a justice of the peace to the Superior Court, the identity of the cause of action tried below with that alleged in the pleadings in the Superior Court should be disclosed thereby; and where only one cause of action was tried below, and the pro-narr. contains counts in both assumpsit and covenant, a demurrer thereto will be sustained, since it cannot be determined which cause of action was tried below.

(*October* 4, 1913.)

Judges WOOLLEY and RICE sitting.

*W. W. Knowles* for defendant below appellant.

*Lilburne Chandler* for plaintiff below respondent.

Superior Court, New Castle County, November Term, 1913.

ACTION ON APPEAL (No. 48, November Term, 1912), from a judgment rendered by a justice of the peace.

General demurrer to the pro narr. containing a special count in assumpsit and another in covenant, with the common counts. The demurrer was sustained. The questions of law presented appear in the opinion.

WOOLLEY, J., delivering the opinion of the court:

The pro-narr. in this case consists of two special counts and five common counts. The first special count is in assumpsit, in which an express contract for the sale and delivery of goods and wares is stated by its substance and effect. The second special count is in covenant, stating by its tenor a contract under seal, likewise for the sale and delivery of goods and wares, wherein

damage for breaches are unliquidated. The remaining five counts are common counts in *indebitatus'* assumpsit.

[1] The cause of action declared upon in covenant in the second special count may in fact be the same cause of action pleaded in substance and inappropriately declared upon in assumpsit in the first special count, or it may be, and upon the state of the pleadings, it must be considered an entirely separate and distinct cause of action. The causes of action in the two special counts must be considered separate and several causes of action for the reason that an action in assumpsit and an action in covenant will not lie indifferently to the same cause of action, and as the pleader has here counted in both forms of action it must be inferred that he is declaring on two causes of action different in their form.

The counts of *indebitatus* assumpsit may relate to the matter first declared upon by special assumpsit; they certainly cannot relate to the matter next declared upon in covenant.

Whatever may have been the pleader's motive in combining these various and to some extent conflicting counts, it is certain, as this is an action on appeal from a judgment rendered by a justice of the peace, that each one of the seven counts must relate to and be a declaration of the precise cause of action tried below. What was the cause of action below and how many were there?

The transcript of the justice, upon which the appeal is founded, discloses that the action below was in "assumpsit" and the cause of action was "a contract for goods sold and delivered", and fails to disclose whether the contract was express or implied, written or oral, and if written, whether it was under seal or not under seal.

[2] It is contended that the declaration as composed of its various counts is good, upon the ground that when an appeal from a justice of the peace is entered in the Superior Court, the pleadings and proceedings therein are the same as in cases brought within the original jurisdiction of this court, and that the joinder of several counts in a pro-narr. filed in a case on appeal is allowed and governed by the same rules of pleading under which the joinder of several and conflicting counts is allowed in an action originally instituted in this court.

27 Del.] Dominick vs. Harmony Talking Machine Co.    295

Opinion.

The similarity of pleadings and proceedings in actions tried within the appellate jurisdiction of the Superior Court to pleadings and proceedings in actions brought within its original jurisdiction, has long been prescribed by statute and pursued in practice. This similarity of procedure extends to a party on appeal the right to disclose in different ways by more than one count in his declaration, the substance and nature of the cause of action upon which was rendered the judgment from which the appeal is taken, and there is no objection to a conflict in the statements of causes of action in different counts, so long as there is no conflict in the forms of action and so long as the statements of the causes of action relate to and are limited to the cause or causes of action tried below.    But the similarity of pleading and procedure in actions tried within the original and appellate jurisdictions of this court, does not extend to a party on appeal the right to declare in a pro-narr. and try on appeal any cause of action not tried below. This court has no jurisdiction on appeal of any cause of action not embraced within the judgment appealed from, though it may have original jurisdiction thereof, just as this court will not try on appeal a case not within the justice's jurisdiction, though it be within its own original jurisdiction. *Baldwin v. Coyle*, 7 *Houst.* 327, 32 *Atl.* 15. The right of appeal extends only to a review by retrial of the same cause of action that was heard and decided below.

[3]    The action above is but a retrial of the action below, and the identity of the cause of action below is vital to the jurisdiction of the court to retry it above. The identity of causes of action above and below should be fairly disclosed by the pleadings.

The fact that the justice in this case may have entitled the action assumpsit when in law it may have been covenant, is unimportant on appeal so long as the instrument here declared upon in covenant is the same instrument upon which the judgment below was rendered, and so long as the identity of the cause of action on appeal with the precise cause of action below is disclosed and preserved by the pro-narr.    But the identity of the cause of action above with that below has been destroyed in this case by the plaintiff declaring in two forms of action upon the one

cause of action tried below. If the action below was in covenant, then obviously the first special count in assumpsit is bad. If the action below was in assumpsit, then the second special count in covenant is bad. While the cause of action below was a contract, which may or may not have been under seal, and which accordingly may have been the basis of an action in covenant or in assumpsit, it could not have been both, and therefore counts in both forms of action upon the one form of contract must be bad.

As the narr. contains counts in different forms of action and as it fails to disclose with certainty that the cause of action declared upon above is the precise cause of action tried below, the demurrer is sustained.