WILLIAM T. TAPPAN, d. b. a., *vs.* FRANK J. S. ROBERTS, trading in the name and style of ROBERTS AND BROTHER, p. b. r.

1. JUSTICES OF THE PEACE—APPEAL—TRIAL OF CAUSE ANEW—PLEADING.

    Where the pro-narr filed in the Superior Court on appeal from a justice of the peace differs from the transcript of the action below, the proper way to take advantage of the irregularity is by a motion to strike out the declaration.

2. JUSTICES OF THE PEACE—APPEAL—TRIAL OF CAUSE ANEW—PLEADING.

    Where the pro-narr filed in the Superior Court on appeal from a justice of the peace differs from the transcript of the action below, advantage must be taken of the irregularity at the earliest opportunity, and it is too late after the narr. has been pleaded over and issue has been joined.

(*October* 15, 1913.)

Judges BOYCE and RICE sitting.

*Robert C. White* and *James M. Tunnell* for defendant below.

*John M. Richardson* for plaintiff below.

Superior Court, Sussex County, October Term, 1913.

ACTION before a justice of the peace by Frank J. S. Roberts, trading as Roberts and Brother, against William T. Tappan. Judgment for plaintiff. Defendant appealed, being No. 32, June Term, 1913. Pro-narr. filed and issue joined. Motion to amend the writ, declaration, and replications. Motion refused.

RICE, J., delivering the opinion of the court:

In the application by Mr. Tunnell in the case of *William T.*

*Tappan, defendant below, appellant, v. Frank J. S. Roberts,* trading in the name and style of Roberts and Brother, plaintiff below, respondent, to amend the writ, declaration and replications, by striking out the words "Roberts and Brother," wherever they appear and substituting in lieu thereof "Roberts Portable Oven Company."

[1] The question raised by the motion has been considered in two Delaware cases, not on a motion to amend, but on questions raised by the pleas.

In *Woolley on Del. Prac.* § 1438, citing *McDowell v. Simpson,* 1 *Houst.* 467, it is said:

"If the pro-narr fail to correspond with the transcript of the action below, the proper course for the appellant to pursue is not to object by plea in abatement or plea in bar, but to move to set aside the declaration for irregularity; because at law it is the first requisite of a declaration that it shall correspond with the process on which the action is founded, first, in the names of the parties; secondly, in the number of parties; thirdly, in the character or right in which they sue or are sued; and fourthly, in the cause and form of the action; and if it fail to correspond with the process in any of these particulars, the court will, on motion, set it aside for irregularity.

"The transcript filed upon entering an appeal is no part of the pleadings. For the cause of action the court looks only to the plaintiff's pro-narr. No other issue can be tried than such as is joined upon the allegations in the pro-narr."   *   *   *

[2] Investigating the pro-narr filed in this case, we find it differs from the transcript. The proper way to take advantage of this irregularity was by a motion to strike out the declaration. In order to take advantage of such irregularity it must be done at the very first opportunity. In the case of *Townsend v. Steward,* 4 *Harr.* 94, the court said:

"If the proceeding on appeal does not correspond as to the nature of the claim, or cause of action, with the proceedings below, as shown by the transcript, objection might be taken to this by motion to dismiss the appeal, or other appropriate form of remedy; but not after pleading to issue upon the claim as presented in this

court. Much less can the plaintiff object to his own declaration, that it is not in conformity with his complaint below. It has been decided in this court, that where the court has jurisdiction of the subject and of the parties, any objection to the jurisdiction founded on the mode in which the suit is brought into court, must be made at the earliest stage; or it will be considered as waived." * * *

In the present case, the narr. has been pleaded over, issue has been joined, and we think it is now too late to take advantage of the irregularity.

We therefore deny the motion and the case is triable on the issue joined.