JOHN VERLENGIA, d. b. a., *vs.* CHARLES RUSHIE, p. b. r.

1. PLEADING—BILL OF PARTICULARS—PURPOSE.
   The object of a bill of particulars is to give the defendant reasonable notice of the claim he is required to meet.
2. ACCOUNT STATED—DECLARATION—ITEMS OF ACCOUNT—NECESSARY ALLEGATIONS.
   Where the plaintiff in his declaration relies on the single count on an account stated, it is unnecessary to allege or prove the items of which the account consists, since an account stated is an agreement by both parties that all the items thereof are true, and it constitutes a new contract between the parties.
3. ACCOUNT STATED—GENERAL BALANCE—EVIDENCE—SUFFICIENCY.
   In an action upon an account stated, plaintiff is entitled to recover on proof of the admission of a general balance, without going into the items of the account.

(*November* 17, 1915.)

Judges BOYCE and RICE sitting.
*Caleb E. Burchenal* for appellant.
*David J. Reinhardt* for respondent.
Superior Court, New Castle County, November Term, 1915.

APPEAL from judgment of a Justice of the Peace, No. 68, November Term, 1914.

Action of Assumpsit by Charles Rushie against John Verlengia. The declaration contains a single count on an "account stated" with bill of particulars annexed. On motion for an order on the plaintiff to file a further bill of particulars. Denied.

BOYCE, J., delivering the opinion of the court:
[1] This is a motion for an order on the plaintiff to file a further bill of particulars in an action of assumpsit on an account stated, to the effect that the defendant below appellant was, on

the first day of July, A. D. 1913, indebted to the plaintiff below respondent in the sum of twenty-five dollars and eighteen cents for so much money then and there found to be due and owing from the defendant to the plaintiff and in arrear and unpaid, upon an account then and there stated between them. The bill of particulars heretofore filed, is as follows:

"Balance due on July 1, 1913, from John Verlengia to Charles Rushie, for groceries, meats and provisions upon an account then and there stated between said John Verlengia, the said defendant below appellant and said Charles Rushie the said plaintiff below respondent—$25.18."

Counsel for defendant contends that this is insufficient in that it fails to disclose the several items of the account from which the balance alleged to be due thereon was ascertained and stated between the parties.

This court has frequently announced the purpose and defined the nature and character of a bill of particulars.

It is only necessary for the purpose of this case to say that the object of a bill of particulars is to give the defendant reasonable notice of the claim he is required to meet.

[2] Where the plaintiff, in his declaration, relies upon the *single* count on an account stated, it is unnecessary to set forth in the declaration, or to prove, the items of which the account consists. *Parkin's Adm'x v. Bennington*, 1 *Harr.* 213.

For an account stated is an agreement by both parties that all the items are true. It changes the character of the original debt and is a new contract, or understanding, between the parties. *Chambers v. Fennemore*, 4 *Harr.* 371.

[3] The plaintiff may have a recovery on an account stated, on proof of the admission of a general balance, without going into or proving the items of the account. *Gregory v. Bailey's Adm'r*, 4 *Harr.* 256; *Thompson v. Thompson*, 2 *Harr.* 202; *Parkin's Adm'x v. Bennington, supra*.

Of course, under an account stated, there can be no recovery unless satisfactory evidence is given in support thereof. *Shea v. Kerr*, 1 *Penn.* 198, 40 *Atl.* 241. But proof necessary to sustain such a count is confined to the alleged account stated

Motion Denied.

between the parties. This being so, the court is of the opinion that the bill of particulars filed sufficiently informs the defendant of the claim which he is required to meet.

The motion is denied.