Bronislaw Baliezewski, d. b. a., *vs.* John Putzcus, p. b. r.

(*February* 12, 1926.)

Rice and Harrington, J. J., sitting.

*Robert Adair* for defendant below, appellant.

*David J. Reinhardt* for plaintiff below, respondent.

Superior Court for New Castle County, November Term, 1925.

No. 227, September Term, 1924.

Rice, J., delivering the opinion of the Court:

█ *Section* 4028, *Revised Code*, 1915, provides:

"Every justice of the peace shall make a fair entry, in a docket, of every action commenced before him, therein setting down the names of the parties, the cause of action, the sum demanded, the day of issuing process.  *  *  *"

It is admitted that the cause of action tried on appeal must be substantially the same as the cause of action which was tried below, as shown by the transcript of the Justice. *Tappan v. Roberts*, 4 *Boyce* (*Del.*) 432, 89 *A.* 54; *Townsend v. Steward*, 4 *Harr.* (*Del.*) 94; *Norton v. Janvier*, 5 *Harr.* (*Del.*) 346; *McDowell v. Sampson*, 1 *Houst.* (*Del.*) 467; *Verlengia v. Rushie*, 6 *Boyce* (*Del.*) 11, 95 *A.* 914; *Dominick v. Harmony Talking Machine Co.*, 4 *Boyce* (*Del.*) 293, 88 *A.* 468. See, also, *Monastakes v. State*, 2 *W. W. Harr.* (32 *Del.*) 549, 127 *A.* 153.

In the case of *Dominick v. Harmony Talking Machine Co.*, *supra*, the Court said: Each count in the pro-narr "must relate to and be a declaration of the precise cause of action tried below."

█ This Court is of the opinion that the single count of account stated in the pronarr, in substance states a different cause of action than the cause of action "for goods sold and delivered," tried before the Justice.

The term "cause of action" has been defined by many courts. In *Matz v. Chicago & A. R. Co.* (*C. C.*), 85 *F.* 180, it is defined as "the act on the part of defendant which gives the plaintiff his cause of complaint." And in *Hutchinson v. Ainsworth*, 15 *P.* 82, 73 *Cal.* 452, 2 *Am. St. Rep.* 823, when used with reference to the pleadings by which the cause of action is alleged, the phrase signifies "the facts upon which the plaintiff's right to sue is based, and

upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong."

With the above definitions of a cause of action before us, as we further consider the present case, it may be stated that an action of assumpsit for goods sold and delivered, such as pleaded before the Justice, has reference and relates to a situation where one person sold and delivered goods to another, and that other person either expressly or impliedly agreed to pay for the same. The cause of complaint is the failure of such other person to perform his agreement to pay for the goods sold and delivered.

An account stated, as pleaded in this case, exists where the accounts between two parties have been examined and a balance is found in favor of one of the parties, and the party against whom the balance is found either expressly or impliedly agreed to pay such balance found to be due. The cause of action then becomes one of account stated, and the cause of complainant is the debtor's failure to perform his express or implied agreement to pay the amount ascertained to be due, and not his failure to pay for the items comprising the account.

Where an account stated exists, the original obligation of the debtor is changed into a new and independent one, and where the cause of action is upon an account stated, a different issue is raised from what it would be if brought upon the original undertaking or indebtedness.

In *Chambers v. Fennemore's Adm'r,* 4 *Harr. (Del.)* 368, the Court said:

"An account stated is an agreement, by both parties, that all the items are true. It changes the character of the original debt, and is a new contract or undertaking. The stating of the account is the consideration of the promise to pay the sum found to be due; and therefore the items need not be proved."

See, also, *Del. Eng. Co. v. Pusey & J. Co.,* 1 *W. W. Harr.* (31 *Del.*) 163, 112 *A.* 371. In *Converse v. Scott,* 70 *P.* 13, 137 *Cal.* 239, the Court said:

"The account stated is a new and independent contract, and the whole cation is based upon that contract."

And in *O'Leary v. Iskey,* 10 *N. W.* 576, 12 *Neb.* 136, the Court also said:

"If new issues can be raised in the appellate court it is not a trial of the same cause, not in fact an appeal."

In *Corpus Juris, vol.* 1, *p.* 706, the following statement is found:

"\* \* \* An account stated alters the character of the original indebtedness, and is itself in the nature of a new promise or undertaking, and raises a new cause of action between the parties."

If, as the authorities hold, the character of the original indebtedness is changed, and the account stated becomes a new and independent undertaking or contract, raising new issues, then clearly we must come to the conclusion that an action appearing, from the pleadings in this Court, to be upon an account stated, must be a different cause of action from the one tried before the Justice, where the cause of action is alleged to be for goods sold and delivered.

Counsel for both parties, in support of their arguments, rely largely upon the case of *Dominick v. Harmony Talking Machine Co.*, *supra.* Upon a close examination of that case, we believe it will be found to be an authority for the finding of the Court in the present case.

For the reasons stated, the motion is granted, and it is ordered that the pro-narr be stricken out.