David A. McCLINTOCK, Plaintiff,

v.

Mr. and Mrs. Lloyd CASSON, Defendant.

Superior Court of Delaware,
New Castle.

March 17, 1969.

Stephen B. Potter, Sullivan, Potter & Roeberg, Wilmington, for plaintiff.

Max S. Bell, Jr., Richards, Layton & Finger, Wilmington, for defendant.

## OPINION

O'HORA, Judge.

Plaintiff brought suit to recover $523.68 for labor and materials supplied Mr. and Mrs. Lloyd Casson, defendants, under an oral agreement entered into in May or June, 1967. Defendants here appeal from an adverse judgment rendered against them before a Justice of the Peace. They have moved to dismiss the action against "Mrs.

Casson" and to dismiss Count II of the plaintiff's complaint.

The record from below shows that the case was captioned:

"DAVID A. McCLINTOCK (Plaintiff)

v.

MR. & MRS. LLOYD CASSON (Defendant)"

Service of process was noted by the following entry:

"January 25th A.D. 1968 Summons served by copy left at the usual place of abode of the defendant in the prescense (sic) of Mrs. Lloyd Casson, Residing therein. So returns Oliver Eastburn."

■ Elsewhere throughout the docket from the lower court there is mention only of Lloyd Casson, or of the "defendant". From this defendants urge that Mrs. Casson was never properly served, never subject to the court's jurisdiction, and therefore not a proper party to this appeal. Such contention is without merit. Since the caption of the case employed the singular "defendant" to refer to both "Mr. & Mrs. Lloyd Casson", there is no reason to assume that the use of the singular "defendant" in the return of summons refers to Mr. Casson alone. It is more consistent to suppose that the Sheriff, in strict adherence to the caption, intended that "defendant" should refer to both Mr. & Mrs. Casson. Under this view of the matter, both defendants were properly served by the Sheriff's leaving a copy of the summons in the hands of a competent adult person at their usual place of abode. If, as defendants speculate, the Mrs. Lloyd Casson in whose presence substituted service was made is not one of the defendants, that in no way invalidates the substituted service as to them. If she is one of the defendants, then it affirmatively appears from the return that she was personally served.

■ As stated in 1 Woolley, Delaware Practice, § 201(b):

"While in certain writs certain words with technical meanings must be used in returns, in returns on writs of summons, no such technicalities need be observed. The officer must simply state the manner of service."

Although it is common to designate personal service by stating "Served personally", the Sheriff cannot be faulted for stating "Served by leaving a copy of the summons with the defendant at her usual place of abode" or words to that effect, which is what we have here. Consequently defendants' motion to strike all reference to Mrs. Casson in the caption and pleadings must be denied.

Count I and Count II of plaintiff's complaint are exactly the same to a word, with the sole distinguishing feature between them being the sum demanded. Count I, which represents plaintiff's pleadings before the lower court, demands $523.18. Count II, which is offered for the first time in this Court, demands an additional $1,260.00. It is plaintiff's position that the second count represents an additional claim which he has against defendants, and which he may properly join with his initial claim in accordance with Rule 18, Del.C.Ann. Defendants' object that this Court has no jurisdiction on appeal over Count II. A similar dispute was raised and settled in Dominick v. Harmony Talking Mach. Co., 4 Boyce 293, 88 A. 468 (Super.1913), where Judge Woolley wrote:

"It is contended that the declaration as composed of its various counts is good, upon the ground that when an appeal from a justice of the peace is entered in the Superior Court, the pleadings and proceedings therein are the same as in cases brought within the original jurisdiction of this court, and that the joinder of several counts in a pro-narr. filed in a case on appeal is allowed and governed by the same rules of pleading under

which the joinder of several and conflicting counts are allowed in an action originally instituted in this court.

The similarity of pleadings and proceedings in actions tried within the appellate jurisdiction of the Superior Court to pleadings and proceedings in actions brought within its original jurisdiction, has long been prescribed by statute and pursued in practice. * * * But the similarity of pleading and procedure in actions tried within the original and appellate jurisdictions of this court, does not extend to a party on appeal the right to declare in a pro-narr. and try on appeal any cause of action not tried below. This court has no jurisdiction on appeal of any cause of action not embraced within the judgment appealed from, though it may have original jurisdiction thereof, just as this court will not try on appeal a case not within the justice's jurisdiction, though it be within its own original jurisdiction."

Plaintiff has pointed to no authority, and this Court knows of none, for taking a different view of the Superior Court's jurisdiction on appeal than that expressed in *Dominick*. An entirely different question might be raised had plaintiff first invoked this Court's original jurisdiction over Count II and then sought to join his two separate actions for the sake of expediency. But the Court cannot utilize its self-made rules of procedure to short-cut jurisdictional prerequisites set forth by statute, however superfluous those prerequisites may seem under a particular set of circumstances. 10 Del.C. § 9580, which provides for proceedings to be followed on appeal from a Justice of the Peace, simply does not extend the Court's jurisdiction on appeal beyond the matters tried below. For this reason defendant's motion to dismiss Count II must be granted. Having reached this conclusion it is not necessary to consider the possibility that plaintiff split his cause of action.

For the reasons herein set forth the court concludes that defendants' motion to dismiss the complaint againt "Mrs. Lloyd Casson" should be denied, but defendants' motion to dismiss Count II of the complaint should be granted.

It is so ordered.