**628** ■ ▬▬▬▬▬▬▬▬

Donald S. GASTER and Mary Ann Gaster, his wife,

v.

Lynn BELAK and Audrey Turley.

Superior Court of Delaware,
New Castle.

April 11, 1974.

E. Leigh Hunt, Wilmington, for appellees.

Daniel L. Twer, Wilmington, for appellants.

OPINION

CHRISTIE, Judge.

Defendants bring this case before the Court on appeal from a decision of the Justice of the Peace Court which granted the plaintiffs recovery of their security deposit on an apartment which they had rented from the defendants. As this case is to be tried de novo, the plaintiffs have filed their complaint with this Court. In their answer to the complaint, defendants seek to assert a counterclaim for three months' rent. Plaintiffs move to dismiss the counterclaim on the ground that it is barred by the doctrine of res judicata due to the fact that defendants have previously sued and lost on the identical claim in an earlier action before the Justice of the Peace Court. No appeal was taken from that decision.

Defendants contend that the doctrine of res judicata is inapplicable in this case inasmuch as the decision of the Justice of the Peace Court in the case brought by the defendants for the three months' rent was not a final decision on the merits but rather was a dismissal of a suit which had been brought prematurely, i.e., prior to the accrual of the cause of action.

■ Regardless of whether or not res judicata may be raised by the plaintiffs to preclude the litigation of this counterclaim, it is plain that the defendants are not entitled to assert the counterclaim on appeal as they failed to raise it below. The jurisdiction of the Court is limited to those claims which were brought before the Justice of the Peace Court. Dzedzej v. Prusinski, Del.Super., 259 A.2d 384 (1969). "The right of appeal extends only to a review by retrial of the same cause of action that was heard and decided below." Dominick v. Harmony Talking Machine Co., Del. Super., 4 Boyce 293, 88 A. 468, 469 (1913).

Although the Court has jurisdiction over the plaintiffs' claim for the return of their security deposit, it does not have jurisdiction over the counterclaim asserted by defendants since the counterclaim was not a part of the action before the Justice of the Peace Court.

Plaintiffs' motion to dismiss the defendants' counterclaim is hereby granted.

It is so ordered.