# CHARLESTON.

STATE *Ex Rel.* H. W. HONAKER *v.* H. K. BLACK, JUDGE, ETC.

Submitted May 16, 1922.    Decided May 23, 1922.

1.  JUSTICES OF THE PEACE—*The Justice's Jurisdiction Held Not Defeated Because of Damages Sustained Between Justice's Judgment and Judgment of the Circuit Court in Excess of his Jurisdiction.*

    Where a justice of the peace has jurisdiction to entertain
91 W. Va.

a suit in unlawful entry and detainer at the time it is instituted, the same will not be defeated because the plaintiff has sustained damages, between the time of the institution of the suit and the rendition of the final judgment therein by the circuit court upon appeal, in an amount in excess of the justice's jurisdiction.     (p. 253).

2.  SAME—*Circuit Court May Render Judgment in Entry and Detainer Case Appealed from Justice Where Damages Have Accrued Pending Appeal in Excess of Justice's Jurisdiction.*

Where, upon the trial of an unlawful entry and detainer suit before a justice a judgment is rendered in favor of the plaintiff for the possession of the premises and the damages accrued at the time of the rendition of such judgment, which is within the limit of the justice's jurisdiction, and the defendant prosecutes an appeal from such judgment to the circuit court, under the provisions of §§ 164 and 218 of ch. 50 of the Code, the circuit Court, on such appeal, will not be deprived of jurisdiction to try the case or to render judgment upon the verdict of the jury because the same is in favor of the plaintiff for the possession of the premises and damages in excess of $300.00.     In such case the jurisdiction of the circuit court to ascertain and render judgment for the damages accruing after the institution of the suit is conferred directly by the legislation referred to, and does not depend upon whether or not a justice of the peace would have had jurisdiction to render such a judgment.     (p. 253).

3.  SAME—*Intermediate Court of Kanawha County on Appeals from Justices of the Peace has Same Jurisdiction as the Circuit Court.*

The Intermediate Court of Kanawha County, upon appeals from justices of the peace, may exercise the same jurisdiction that the Circuit Court of said county might exercise had the appeal been to that court.     (p. 256).

Original proceedings in prohibition by the State, on the relation of H. W. Honaker, against H. K. Black, Judge of the Intermediate Court of Kanawha County, and others, to prohibit the execution of a judgment against relator.

*Writ refused.*

*Charles J. Hogg,* for relator.
*E. B. Bock,* for respondents.

RITZ, JUDGE:

The relator seeks by this proceeding to prohibit the execu-

tion of a judgment rendered against him by the Intermediate Court of Kanawha County in an action of unlawful entry and detainer, upon the ground that said Intermediate Court was without jurisdiction to render judgment for the amount of damages found by the jury upon the trial of the case, and for which the judgment was rendered, to-wit, the sum of $660.00.

The action of unlawful entry and detainer was originally instituted before a justice of the peace by the Crowley-Prairie Realty Company, a corporation, against the relator to recover the possession of certain premises therein described, and one hundred dollars damages for their unlawful detainer. Upon the trial of the action before the justice of the peace plaintiff had judgment for the recovery of the possession of the premises and $86.67 damages for the detention thereof. From this judgment the defendant prosecuted an appeal to the Intermediate Court of Kanawha county, and gave an appeal bond in the penalty of $1400.00 to cover the judgment rendered by the justice and one year's rent of the premises in controversy, as provided by § 164 of ch. 50 of the Code. The case was not tried in the Intermediate Court for a considerable time after the appeal was taken, and upon the trial in that court the jury found that the defendant unlawfully withheld the possession of the premises sued for, and in addition, as required by the provision of § 218 of ch. 50 of the Code, found that the plaintiff was entitled to recover the sum of $660.00 damages for the detention of the premises up to that time, and upon this verdict the court rendered the judgment sought to be prohibited.

The contention of the relator is that the jurisdiction of the Intermediate Court of Kanawha county in this case cannot extend any further or include any more than could be included within the jurisdiction of the justice of the peace, and that inasmuch as the jurisdiction of the justice of the peace is limited in suits to recover damages to the sum of $300.00, the Intermediate Court of Kanawha county could not render a judgment for more than $300.00.

It is quite well settled that the circuit court upon an appeal

from a justice can exercise in regard to the controversy pending before the justice only such jurisdiction as the justice might have exercised. In other words, if the cause of action upon which the suit is based before the justice is beyond his jurisdiction the circuit court upon appeal does not acquire any jurisdiction of it simply because it would have had jurisdiction of such a cause of action if it had been brought in that court in the first instance. It is this principle of law upon which the relator relies to defeat the jurisdiction of the Intermediate court to render this judgment. The principle is, however, not applicable in this case. The jurisdiction of the justice is to be tested by the amount in controversy at the time of the institution of the suit. If at the time the plaintiff institutes his suit he has a cause of action cognizable by a justice, the fact that by delay in prosecuting the suit his claim for damages has been increased to such an extent as to exceed the justice's jurisdiction in the aggregate, will not defeat the jurisdiction properly attaching at the time the suit was instituted. In this case the power of a justice to entertain the cause of action which the plaintiff set up in that court is not questioned, but it is contended that after the case came into the Intermediate Court upon appeal, that court could not enter the judgment which it did, for the reason that its jurisdiction would be limited by the amount of the justice's jurisdiction. This would be true if the cause of action asserted before the justice was beyond the jurisdiction. In that event, the appellate court would acquire no jurisdiction. It only gets jurisdiction of such a cause of action because the court from which the appeal came had jurisdiction of it, and not because it might have taken jurisdiction had the suit been brought there in the first instance. The difficulty about that argument is that the judgment for damages complained of is not rendered upon the cause of action asserted before the justice. This cause of action accrued after the rendition of that judgment. Ordinarily the inquiry on the appeal would be limited to determining the rights of the parties as of the date of the institution of the suit. Obligations which they might incur to each other in

relation to the subject-matter of the suit after its institution would not be cognizable in that suit. A separate suit would have to be brought in a court having jurisdiction to vindicate such rights. The legislature attempted by the provisions contained in §§ 164 and 218 of ch. 50 of the Code to require that these matters be determined upon the trial of the appeal from the judgment of the justice. The purpose of this legislation was to obviate the necessity of bringing another suit to recover the damages whch the complaining party might sustain from the time of the institution of the suit to the date of final judgment, in case he had judgment for the possession of the premises. Such new suit would be brought in the very same court in which the appeal was pending, and the legislature determined that this jurisdiction, as well as the jurisdiction derived from the justice of the peace by the appellate proceedings, could as well be exercised at one time and upon one trial, inasmuch as it involved only one subject-matter and the relations of the parties thereto, as to require the trial of two separate suits involving the very same inquiry in both, one of which would be only supplementary to the other. In other words, the jurisdiction exercised by the circuit court upon appeal in a case of unlawful entry and detainer is not entirely derived from the justice of the peace. So far as the rights of the parties at the time of the institution of the suit are concerned that jurisdiction is derived from the justice, and only exists because the suit was brought before the justice. The jurisdiction, however, to determine the damages which the plaintiff has sustained in case he recovers from the time of the institution of the suit down to the date of the final judgment is conferred directly on the circuit court by the statute, and is not derived from the justice at all. It could not be, in fact, because at the time the case was appealed from the justice this cause of action did not exist. The damages had not accrued at that time.

Was it competent for the legislature to confer the power upon the circuit courts to exercise this jurisdiction in this way? No constitutional limitation is violated. The circuit

court has jurisdiction of the subject-matter, and both the parties are before it. The defendant, by appealing the case, voluntarily invokes its jurisdiction, and the plaintiff, by appearing and prosecuting the suit in that court, submits to the jurisdiction prescribed by the statute. It would, therefore, seem that the jurisdiction of the Circuit Court to try, not only the cause of action which existed at the time of the institution of the suit before the justice, but the other cause of action which came into existence because of the withholding of the premises during the pendency of the appeal, is complete. This was the conclusion reached by the Supreme Court of Alabama in construing a similar statute in the case of *Giddens* v. *Bolling,* 92 Ala. 586.

The relator insists, however, that the Intermediate Court of Kanawha County is without jurisdiction to render this judgment, contending that its jurisdiction is limited to $500.00. It is true, the statute conferring jurisdiction upon that court limits its original jurisdiction to controversies where the amount involved does not exceed $500.00, but it also confers upon it jurisdiction of appeals from justices of the peace in all cases where such appeals would lie to the circuit court, in the same manner and under the same regulations as provided by general law for appeals to the circuit court. This provision, we think, confers upon it exactly the same power which would have been possessed by the circuit court had the appeal been to that court.

Finding that the Intermediate Court of Kanawha County did not exceed its jurisdiction in rendering the judgment sought to be prohibited, the writ prayed for is refused.

*Writ refused.*