LAND, J.
On May 31, 1923, the plaintiff, Angelo Saia, made affidavit in the justice of the peace court for the Fourth ward of the parish of Lafourche, that the defendant, Frank Lusco, was indebted to him, under a written contract of lease of date January 23, 1923, for rent for the month of May, 1923, in the sum of $20, past due, and for rent for the months of June, July, and August, 1923, to become due monthly on the first of each of said months.
Affiant deposed in said affidavit that he had good reason to believe that the defendant lessee would remove the furniture and other property, on which he had a lien, privilege, and pledge as lessor, from the leased premises, and thereby deprive him of the privilege and pledge accorded him by-law to secure the payment of the rent, and prayed that a writ of provisional seizure issue, and that the property on the leased premises be seized for the payment of the amount of his claim for rent, including the rent to accrue. Affiant reserved the right to sue for such additional rent as he may be entitled to under the contract of lease in another suit.
On May 31, 1923, a writ of provisional seizure was issued by the justice of the peace court, and under said writ the furniture, etc., of defendant lessee was seized to satisfy the full claim of $80 sued for by plaintiff lessor.
On June 4, 1923, a citation was issued to defendant, commanding his appearance before said court on June 15, 1923.
A. motion was filed in said court, ruling plaintiff, the lessor, to show cause on June 14, 1923, at 10 a. m., why the provisional seizure issued herein should not be set aside and annulled, on the ground that the allegations of fact made in his affidavit were faulty and incorrect, and particularly in regard to the rent due; said motion alleging that the rent was not due, or at least was not due at the *194 time tlje seizure was made, and that the truck belonging to defendant lessee was illegally seized, as it was not on the leased premises, or kept there for use. Plaintiff in rule claimed damages in the sum of $95 as compensation for the injury charged to have been suffered by him on account of the alleged illegal seizure.
On the trial of this rule the justice of the peace court held that the rent for May had been paid on the first of May, as required by the terms of the lease, and that, as the rent of $20 per month for the months of June, July, and August was not due until the first of each of these months, under the terms of said lease, no rent was due at the- date the lessor made the affidavit in this ease on May 31, 1923.
The court also held that the truck of defendant had been illegally seized, as it was not kept on the leased premises.
The writ of provisional seizure was dissolved, as having illegally and wrongfully issued, and damages were awarded against the lessor in the sum of $95, because of the illegal issuance of said writ.
Defendant was ordered'to pay all costs of the proceeding by rule, and, by consent of counsel, the case then taken up and tried on its ^merits, “and the proof being that no rent was due,” it was ordered that plaintiff’s suit be dismissed at his cost.
This judgment was rendered June 19,1923; the new trial applied for by plaintiff, was overruled June 26, 1923, and a suspensive appeal to the district court of Lafourche parish was requested and granted, the bond being fixed in the sum of $165, and duly signed and executed on June 28, 1923.
This appeal was dismissed for want of citation to the appellee, and on November 8, 1923, a devolutive appeal was applied for in the justice of the peace court, and was granted to the district court, the appeal bond being fixed in the sum of $15, and on said date the devolutive appeal bond was duly signed ' and executed by the appellant, and citation to answer said appeal was duly issued to appellee.
On November 22, 1923, appellant, Angelo Saia, filed a supplemental petition in the district court of Lafourche parish, and, adopting all of the ^legations of his original demand, prayed|that said demand be amended, and that judgment be rendered in his favor for $80, for the rent of the months of June, July, August, and September, 1923, and that the judgment of the lower court be reversed, the writ of provisional seizure' sued out herein be maintained, and the property provisionally seized be sold in due course to pay by privilege and preference the amount of the judgment to be obtained in principal, interest, and costs. This amendment was allowed by the district judge, the case was tried, and a judgment was • rendered in favor of plaintiff for the full amount of rent claimed. The privilege and pledge of plaintiff as lessor was recognized on all of the property seized, and the demand' for damages in the justice of the peace court for the dissolution of the writ was rejected.
It is contended in the application of relator that a writ of provisional seizure cannot be issued in a justice of the peace court, except for rent due, and that the issuance of this writ in the justice of the peace court of the Fourth ward of Lafourche parish for rent for the months of June, July, and August was illegal, because the rent for said months was not due under the written contract of lease until the first of each of said months.
This contention of relator is based upon the proposition that article 287 of the Code of Practice,-providing that a writ of provisional seizure may issue for rent, “whether the same be due or not due,” applies only to such writs when issued by a district court.
We cannot concur in this view of the law. Article 1125 of the Code of Practice, *196 under the head of “Orders which justices of the peace may render,” provides that:
“If a demand be made for a sum due for rent within the jurisdiction of a justice of the peace, the plaintiff may demand that the furniture of the house subject to the rent be seized provisionally, if he make an affidavit that he is afraid of the defendant removing it from the house to deprive him of the pledge which he has on it.”
It is to be observed that said article does not require the lessor to make an affidavit that the rent claimed by him is due at the time the-writ of provisional seizure is applied for and issued.
We conclude, therefore, that the words in article 1125, “If a demand be made for a sum for rent within the jurisdiction of a justice of the peace,” were intended merely to define the jurisdiction of that officer in such cases, and not to limit the issuance by him of writs of provisional seizure to cases where the rent was due at the time.
Moreover, we have reached the conclusion in this case that plaintiff had the right to amend his petition in the district court on appeal to claim the rent falling due before the appeal was taken, the district court having undisputed jurisdiction to issue writs of provisional-seizure, whether the rent be due or not due. O. P. art. 287. After issue joined, amendment of the petition is admissible, provided such amendment does not alter the substance of the demand by making it different from the one originally brought. C. P. art. 419.
The suit in the justice of the peace court was for rent. The amendment allowed in the district court was still for'monthly'installments of rent of the same leased premises, which had fallen due before the devolutive appeal had been taken. The action was not changed by the amendment.
Separate actions may be cumulated in the same demand, when one of them is not contrary to or precludes another. C. P. arts. 148, 149.
Article 2065 of the Oivil Code provides that:
“Where a sum is promised to be paid at different installments, a conjunctive obligation is created, and the payment may be severally paid or enforced. Bents, payable at fixed periods, come also under this rule.” Brandagee v. Chamberlin, 2 Rob. 207.
While plaintiff in this case would not have lost any installment of rent had he failed to amend his petition, yet he was not compelled to amend. He should not, however, be driven to a multiplicity of suits. Stafford v. Stafford, 25 La. Ann. 223.
A supplemental petition, praying for a new order of seizure, and claiming installments not due when the original petition was filed, does not change the original demand, and is admissible. Mader v. Fox, 15 La. 182.
The amendment of plaintiff’s petition by the district court of Lafourche parish was therefore permissible, especially in view of the concurrent jurisdiction of the district court with that of the justice of the peace court in this particular case. Const. 1921, art. 7, § 35.
To deny the plaintiff the right to amend his petition in the district court, under such circumstances, and to relegate him to a separate action or actions, would cause needless delay and expense, as well as result in a multiplicity of suits, contrary to the established policy of the law to avoid unnecessary litigation, in the interest of litigants. It is well settled that either party to a suit may be permitted to ‘make suitable amendments to the pleadings on appeal to a district court from the judgment of a justice of the peace court, although the trial is de novo. State ex rel. Rudy v. Justice of the Peace, 49 La. Ann. 1165, 22 South. 336; Saunders v. Ingram, 5 Mart. (N. S.) 647.
The most serious ground of attack upon the proceedings in the district court is the contention in this ease that the amended petition filed in said court was not served upon the defendant.
*198 This amendment was not one as to mere form, or for the pprpose of correcting clerical errors, or merely to clarify the allegations in the original petition, but it was of a material character, the purpose of the amendment being to augment the claim of plaintiff by including therein a demand for the additional sum of $20 for the rent for the month of September, and not included in the original demand made in the justice of the peace court.
It is clear, therefore, that the supplemental petition should have been served upon the defendant, as the amendment demanded an increase in the judgment to be rendered. Levy v. Weber, 8 La. Ann. 439; Sinnet v. Mulhollan, 3 Mart. (O. S.) 398; Merrill v. Lattimore, 12 Rob. 138; Liquet’s Heirs v. Pierce, 5 La. 361.
In addition to this, neither the original record nor the return of respondent judge shows that any answer was filed to said amended petition, or that any default was taken.
For the reasons assigned, the judgment of the district court is amended by setting aside that portion of the judgment covering the amended petition, and by remanding the cause to the lower court to be tried upon that issue in accordance with the views herein expressed, and otherwise the judgment is affirmed, respondent to pay the costs of this proceeding.