C. C. HUNT, et al., v. LIZZIE FOLEY.

Western Section. December 8, 1928.

Petition for Certiorari denied by Supreme Court, February 9, 1929.

A. W. Ketchum, E. B. Williams, Jr., and H. H. Honnoll, of Memphis, for plaintiff in error.

P. H. Phelan, Jr., and E. F. Barry, of Memphis, for defendant in error.

SENTER, J. This case originated in a Justice of the Peace Court, an action of forcible entry and detainer.

The parties will be referred to as in their original status in the court below, Lizzie Foley, plaintiff, and C. C. Hunt and wife, defendants.

The case involves the right of possession of a strip of land about five feet at one end and seven feet at the other end, it being conceded that the respective parties are the owners in fee of their respective lots. Plaintiff had the strip in question under enclosure. She had three tenant houses on her lot, and the fence separating the two lots and enclosing the lot of plaintiff had been there for many years, probably twenty-one or two years. The houses on plaintiff's lot were occupied by colored tenants. The lot owned by plaintiff fronts on North Second street, and is bounded on the north by an alley, and on the east by an alley, and on the south by the lot owned by defendant. The improvements on plaintiff's lot are double tenement houses, one of which fronts on North Second street and the other two on the alley, and the strip in controversy, and which was formerly under fence by plaintiff, was unoccupied except by a coal house. A controversy arose between the respective parties as to the true location of the line separating the two lots, and in June, 1927, the defendant, C. C. Hunt, with a crew of workmen, and also a man representing himself as a deputy sheriff, went on the premises over the protest of plaintiff and tore the fence down and rebuilt it at a point five feet further north at the west end and seven feet four inches at the east end, and in so doing tore down the coal house. The plaintiff, Miss Foley, received notice from someone that the defendant, Hunt, was

there taking the fence down, and Miss Foley immediately went to the premises and protested vigorously against any interference with the fence, but over her protests the defendant Hunt had his workmen to take the old fence down and move the fence further north as above stated. Whereupon, Miss Lizzie Foley instituted the forcible entry and detainer suit against the defendants. The case was appealed to the circuit court, and at the conclusion of the plaintiff's evidence in the circuit court, the defendant moved for a directed verdict, on the ground that it appeared that the premises involved were in possession of tenants at the time of the alleged forcible entry and detainer, and the proceedings were to try the right of possession and not the question of title. Before this motion was disposed of the plaintiff moved to be permitted to amend by making Hattie and Aaron Alexander parties plaintiff, they being tenants of plaintiff and occupying one of the houses at the time of the alleged unlawful forceable entry and detainer, and at the time of the trial of the case, and the plaintiff was permitted to introduce as a witness in her behalf the plaintiff Hattie Alexander. In view of a petition filed in this court on this appeal by Hattie Alexander and Aaron Alexander, praying that the cause be dismissed as to them, we will set out the order allowing them to be made co-plaintiffs with Miss Lizzie Foley, the order being as follows:

"In this cause for good and sufficient reasons to the court appearing, and on her motion, the plaintiff is permitted to amend her summons by naming as co-plaintiffs with her Hattie Alexander and Aaron Alexander, her husband, they also having applied to be so named, and the case will stand as so amended.

"All of which is ordered by the court.

"H. W. Laughlin, Judge."

The defendants did not offer any evidence, and the trial judge gave judgment in favor of "plaintiffs" for the possession of the strip of land in controversy. A motion for a new trial made by the defendants was overruled, and from the action of the court in overruling the motion for a new trial and in giving judgment in favor of plaintiffs, the defendants prayed an appeal in the nature of a writ of error to this court, which appeal has been perfected and errors assigned.

Under the several assignments of error it is insisted, first, that the court erred in refusing to sustain appellant's motion for a directed verdict because the appellee admitted that at the time of the alleged forcible entry the property was in possession of various tenants who were not parties to the cause; second, because only one tenant and her husband, out of a total of six or eight who occupied various parts of the premises, were joined as parties plaintiffs; third, in permitting the appellee to amend the pleadings, and add a new party plaintiff, after a motion for a directed verdict had been made and argued;

fourth, in rendering a judgment in a forcible entry and detainer suit, in favor of the landlord, when the uncontradicted proof shows that the entire premises were rented to various tenants, and occupied by them at the time of the alleged forcible entry; fifth, in permitting the trial of the question of title between two adjoining land owners, regarding a disputed boundary line, in a forcible entry and detainer suit; and sixth, in rendering judgment in favor of both the landlord and the tenant, after the tenant had been added as a party plaintiff.

The questions made by the five assignments of error will be grouped and disposed of collectively. Under these assignments of error it is insisted that forcible entry and detainer will not lie for the purpose of trying title. and that the proper remedy is an ejectment suit, or a boundary line case.

We are of the opinion that the plaintiff could not have successfully prosecuted a forcible entry and detainer suit in the present case in her name as the owner of the property against the adjoining property owner. It is not the purpose of forcible entry and detainer action to settle a disputed title or a dispute as to the dividing line between property owners. This action only lies for the purpose of trying the question of possession and not title. (Elliott v. Lawless, 6 Heisk.. 123: Stockley v. Cissna, 119 Tenn., 150; 26 C. J., 833; Shannon's Code, Sec. 5091, Shannon's Code, Sec. 5013.)

Certain of the assignments go to the action of the court in permitting the plaintiff to add the two tenants as parties plaintiffs after the original plaintiff had rested the case and a motion for a directed verdict had been made by defendants.

We do not think this was error. The matter of allowing amendments, under our statutes, is within the discretion of the court, and these amendments may be allowed at any stage in the proceedings before a case is finally submitted to the jury in jury trials, and before the judge trying the case without a jury at any time before judgment. (Shannon's Code. Secs. 4587, 4589.)

The further question is made that the possession of one tenant, without joining other tenants, is not sufficient, and that all of the tenants enjoying the right of possession of the disputed property should be made parties plaintiff.

We do not understand this to be a sound statement of the law. We think that one tenant in possession, even though other tenants enjoy the possession in common. may maintain the action of forcible entry and detainer. (Hopkins v. Galloway, 3 Sneed, 10.) The case just cited is on the question of force, actual or implied, being essential to maintain the action. But the whole subject is fully discussed in that case. In that case it is said:

"The great object of the law is to maintain the peace and harmony of society, and prevent blood and breaches of the peace in contests for the possession of land, rather than resort to the law for the trial of titles, or to gain some advantage in such contests. This law removes all temptation to that course, by compelling a restoration of the possession thus unlawfully taken, without regard to the best title."

In the early case of Turner v. Lumbrick, 1 Meigs, on pages 10-11, it is said:

". . . Any one tenant in common may sue, though his co-tenants do not join in the action; and this may be done either in ejectment, or in forceable entry and detainer. Lumbrick had been put out of possession and he might well maintain his action to regain it without joining his co-tenant, Bowden. Actions for personal property must be in the names of all the joint owners; but not so in real actions." (See also Hughes v. Woodward (Chy. App.), 63 S. W., 191.)

At the hearing of the cause in this court, the plaintiffs, Hattie and Aaron Alexander, through their attorney, presented a petition, in which it is alleged that they are not interested in the outcome of the suit, and that Hattie Alexander was induced to attend the trial and testify as a witness for plaintiff, Lizzie Foley, but she did not realize that she was becoming a party to the suit, and by the prayer of the petition asked that the cause be dismissed as to petitioners.

The plaintiff, Lizzie Foley, objected to the suit being dismissed as to the petitioners, and denied that said petitioners have the right to have the suit dismissed as to them in this court.

As hereinbefore referred to, the order of the court allowing the amendment by adding Hattie and Aaron Alexander as parties plaintiff, the order recites "they also having applied to be so named, and the cause will stand as so amended."

The appeal in this case is in the nature of a writ of error, and this court can only review the record for error. This court cannot inquire into the merits of the petition filed in this court, or the facts as set forth in the petition. The record shows that these parties were added as parties plaintiff upon their application as recited in the order allowing the amendment, and by which they were made parties plaintiff. The judgment was in favor of "plaintiffs", without designating which of the plaintiffs were entitled to the possession of the strip in controversy. However, the motion to amend was made pending the hearing of the motion of the defendant for a judgment at the conclusion of plaintiff's evidence, and no doubt the original plaintiff, Lizzie Foley, or her attorneys, recognized the necessity for having the tenant in possession made plaintiffs in order to maintain the action of forcible entry and detainer. After this amendment was allowed and further proof heard as to the possession of Aaron and

Hattie Alexander, the trial judge determined the issue in favor of "plaintiffs." There was no error in the action of the court allowing the amendment. Nor do we think there was error, under the evidence, in the judgment of the court, especially as to the judgment being in favor of Hattie and Aaron Alexander. To allow the petition of Hattie and Aaron Alexander in this court, it could only be done by dismissing the suit as to these petitioning plaintiffs, and to do this would result in putting the lower court in error, since we hold that Lizzie Foley, the owner of the property, but not being in possession of the same, at the time of the alleged forcible entry, could not maintain the suit for forcible entry and detainer, but her remedy would be by an action to try title by ejectment or by a proceedings to determine the location of a division line between the respective lots.

We are of the opinion, however, that the judgment should have been in favor of Hattie and Aaron Alexander, as tenants in possession. The judgment as rendered was in favor of "plaintiffs", without designating who or how many of the plaintiffs. To this extent we think there was error in the judgment of the learned trial judge, and that the judgment should have been in favor of plaintiffs, Hattie and Aaron Alexander, only. The judgment of the lower court will be modified to this extent and affirmed as modified, and the cause remanded to the circuit court for the carrying out of the judgment by placing the said Hattie and Aaron Alexander in possession, or for the issuance of a writ of possession, provided said Aaron and Hattie Alexander, on the remand of the case, desire to be placed in possession.

Appellees will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.