DAVIS v. ARNETT (two cases).—177 S. W. (2d) 29.

Middle Section. July 11, 1942.

Petition for Certiorari denied by Supreme Court, January 8, 1944.

George S. Buckner, of Murfreesboro, for plaintiff in error.

Holloway & Holloway, of Murfreesboro, for defendant in error.

HOWELL, J. These consolidated cases are replevin suits involving a 1932 Chevrolet Sedan and a 1938 Norge Electric Refrigerator. They originated in a Magistrate's Court in Rutherford County, and were appealed to the Circuit Court, where they were heard by the Circuit Judge without a jury. Plaintiff was awarded a judgment for the possession of the property replevied and the defendant has properly perfected his appeal in error to this

Court and has filed seven assignménts of error which will be discussed together.

In January, 1940, the defendant E. B. Davis purchased, the automobile and refrigerator from C. B. Arnett, Jr., and in order to procure the money to pay for them he executed a note for $170.60 to the order of the Murfreesboro Bank and Trust Company, payable $8 per month on the 16th of each month for eleven months and a last installment for $82.60. This note was secured by a chattel mortgage upon the personalty transferred which was duly recorded and which provided that in the event any installment was not paid at the time specified the entire balance should become due and payable forthwith, at the election of the holder of the note. The record discloses that Davis' credit was not the best and in order that C. B. Arnett, Jr., might get the cash from the Bank on this note it was also signed by his father C. B. Arnett. Davis paid the first three installments of $8 but failed to pay the installment when it was due May 16, 1941, which was on a Friday. The Bank called on C. B. Arnett to pay the note and on Monday May 19, 1941, he did pay it and on that date the Bank transferred and assigned the note to him. C. B. Arnett, Jr., was not in Murfreesboro at that time and the father, C. B. Arnett, looked after his business for him. In order to pay the bank for this assignment of the note, C. B. Arnett, Jr., and Sr., on May 21, 1941, executed their note to the Bank. This note does not appear to have any security or collateral.

Default having been made by Davis in the payment of his note according to its terms, C. B. Arnett procured a replevin writ for the refrigerator on May 19, and later, on May 27, procured another replevin writ for the automobile. It appears that on May 19, the defendant Davis

was visiting his relatives in Overton County, and the first writ was not served until May 26. The second writ was served the day it was issued, May 27, 1941. These writs were issued in the name of C. B. Arnett, his son C. B. Arnett, Jr., not being in Murfreesboro at that time. The Magistrate found for the plaintiff and defendant appealed to the Circuit Court. The Circuit Judge permitted the replevin writs to be amended so as to name C. B. Arnett, Jr., as the plaintiff.

The defendant says that on May 19, 1941, he mailed a money order from Overton County to the officer of the bank having charge of the personal loan department, and the record discloses that such an order was received at the Bank sometime after May 19. The payment was due on May 16, and Arnett, Sr., had satisfied the Bank and brought one of the replevin suits on the 19th. The money order was not cashed or accepted by the Bank as a payment by Davis.

Davis does not claim that he is not in default in the payments on his note and while the bank might have waited longer after the 16th to demand payment of Arnett, Sr., it did not do so and was within its legal rights in declaring the whole note due.

It is insisted for the defendant that the trial court erred in permitting C. B. Arnett, Jr. to become a party plaintiff. As has been seen the articles were purchased from C. B. Arnett, Jr., and at the time they were replevied he was not at Murfreesboro and his father, who was also a surety on defendant's note, was attending to his son's business. The replevin writs were procured to be issued by the father, who had been required to pay the note by the bank and then when the son and the father made a new note at the bank the son was still the principal

in the matter and the father the surety. It was proper for the trial Court to permit the writs to be amended so as to make the son a party plaintiff. By this action of the Court the rights of the defendant were not affected or changed, and he was not prejudiced in any way. The Courts are most liberal in permitting amendments which do not prejudice any one's rights.

Section 8711 of the Code of Tennessee is as follows:

"Material amendments, at any stage, upon terms.—The court may allow material amendments at any stage of the proceedings, upon such terms, and subject to such rules, as it may prescribe."

Section 8713 of the Code is as follows:

"Action amended in form, pleadings, and parties.—No civil suit shall be dismissed for want of necessary parties, or on account of the form of action, or for want of proper averments in the pleadings, but the courts shall have power to change the form of action, strike out or insert in the writ and pleadings the names of either plaintiffs or defendants, so as to have the proper parties before the court, and to allow all proper averments to be supplied, upon such terms as to continuances as the court, in its sound discretion, may see proper to impose."

In the case of Hunt v. Foley, 9 Tenn. App. 96, on page 99, Judge Senter said:

"Certain of the assignments go to the action of the court in permitting the plaintiff to add the two tenants as parties plaintiffs after the original plaintiff had rested the case and a motion for a directed verdict had been made by defendants.

"We do not think this was error. The matter of allowing amendments, under our statutes, is within the discretion of the court, and these amendments may be

6

allowed at any stage in the proceedings before a case is finally submitted to the jury in jury trials, and before the judge trying the case without a jury at any time before judgment.''

██ It is insisted that the note was discharged when its payment was arranged by C. B. Arnett, Sr. The record does not justify this insistence of the defendant. The endorsement on the back of the note specifically shows that it was assigned or transferred to C. B. Arnett, Sr., and the record shows that he had signed the note as surety in order that his son might get the money on it at the bank. There is nothing in the contention that the note was discharged. C. B. Arnett, Sr., procured the satisfaction of the note and it was assigned to him. Even if it had not been assigned to him he would have been subrogated to the rights of the payee. See O'Neal v. Stuart, 6 Cir., 281 F. 715; Section 7445, Code of Tennessee.

There is no merit in the assignments of error and they will be overruled and the judgment of the Circuit Court awarding possession of the automobile and refrigerator to plaintiff below and assessing the defendant with the costs, is affirmed.

The plaintiff in error will pay the costs of the appeal.

Affirmed.

Felts, J., concurs.