[Civ. No. 19158.   Second Dist., Div. Two.   Nov. 17, 1952.]

HOMER E. JONES, Respondent, v. ERNEST E. LIND-
SEY, Appellant.

Jack R. Mills for Appellant.

Anderson, McPharlin & Conners and Kenneth E. Lewis for Respondent.

MOORE, P. J.—Defendant appeals from an order entered pursuant to Code of Civil Procedure, section 473, vacating a judgment in his favor.

Respondent commenced this claim and delivery action on March 19, 1948, to recover certain Baby Do-nut machines and electric motors then in defendant's possession. Bond was posted in the sum of $4,000 whereupon respondent took immediate possession of the property and removed it to a warehouse for storage. For plaintiff's failure to pay the storage charges, however, the property was sold by the warehouseman. The cause was originally set for trial on March 16, 1949, but was allowed to go off calendar and was not again set for trial until defendant procured a setting upon the short cause calendar for February 26, 1951, at which time plaintiff did not appear. Judgment for the defendant was entered on September 24, 1951.

In support of his motion to vacate the judgment, plaintiff filed an affidavit stating that the default was entered without his knowledge; that his last information as to "any activity in the within action was on or about March 18, 1949"; that thereafter he "believed that his interests in connection with the within action were being taken care of by affiant's attorney of record . . . Arthur Wright, Jr."

Mr. Wright's affidavit, also filed on behalf of plaintiff related that affiant had never received notice of the trial setting date procured by defendant's counsel. Such affidavit also declared that Wright had changed his office location twice since the initial filing of the action and at the time the notice of trial was allegedly sent him at his former Los Angeles location he was practicing in Oakland.

The court's action in vacating the judgment was proper under the facts adopted. ■ A motion pursuant to section 473, Code of Civil Procedure, is addressed to the sound discretion of the trial court. Its action will not be upset on appeal in the absence of a clear showing of an abuse of such discretion. (*Beard* v. *Beard,* 16 Cal.2d 645, 647 [107 P.2d 385].) ■ The fact that plaintiff and his counsel did not have notice of the trial is sufficient basis for the trial court's ruling. (See *Tearney* v. *Riddle,* 64 Cal.App.2d 783,

787 [149 P.2d 387]; *Potts* v. *Whitson,* 52 Cal.App.2d 199, 208 [125 P.2d 947]; *Buell* v. *Emerich,* 85 Cal. 116, 118 [24 P. 644].) Although the record reveals that defendant sent such notice to plaintiff's counsel, it was mailed to an address long vacated by Wright and according to the latter's affidavit, it was never received by him. ██ Where there is any conflict in the averments of the affidavits, the action of the court below is conclusive and will not be disturbed on appeal. (*Hadges* v. *Kouris,* 71 Cal.App.2d 213, 217 [162 P.2d 476].)

Moreover, prior to the date defendant secured his judgment, defendant's counsel had notice of Wright's address at Oakland by virtue of Wright's having filed on February 14 with the court, and forwarded by mail to defendant's attorney, an application for an order releasing Wright as attorney for the plaintiff. With such communication before defendant's counsel and without further word from plaintiff as to the forthcoming trial—then only a few days hence—defendant might well have concluded that plaintiff's failure to appear for trial was not willful.

██ Admittedly, the record reveals a lack of diligence and an absence of zeal on the part of plaintiff in his failure to pursue his cause of action to judgment. However, such fact does not compel this court to conclude that the trial judge was by reason thereof guilty of an abuse of discretion, in view of plaintiff's verified explanation. ██ The law favors the adjudication of actions on the merits and to that end relief from defaults through a liberal construction of section 473 is encouraged. (*Friedrich* v. *Roland,* 95 Cal. App.2d 543, 552 [213 P.2d 423].)

The order is affirmed.

McComb, J., and Fox, J., concurred.