James J. Crisona, J.
Motion by defendant for an order extending his time to answer in an action by an infant plaintiff to recover damages for personal injuries he sustained on August 28, 1958, because of the negligence of the defendant, a riding *620 academy owner, in furnishing a horse to the infant from which he was thrown. There is also a cause of action for breach of an alleged warranty of fitness for use. Infant plaintiff, 16 years old at the time of the accident, was kicked in the head after being thrown and suffered a ‘ ‘ compounded skull fracture of the fronto-parietal area. ’ ’
This action was started by the substituted service of process pursuant to an order dated February 25, 1959, permitting a copy of the summons and complaint to be left at the residence •of the defendant, alleged to be at 105 Walling Street, Forest Hills, New York. Defendant swears, in an affidavit submitted in support of this motion, that he has not resided on Walling Street for a long time; that he resides at 124-03 — 152nd Avenue, South Ozone Park, New York, and has resided there since January 8, 1957. He represents that in the early part of April, 1959 a summons and complaint and an order providing for substituted service were left at his present home. How they got there he does not know or, at least, does not say if he does know.
Defendant maintains in the same affidavit that he has a good and meritorious defense to this action. The lawyer for the defendant in his affidavit says: 11 After receipt of the summons and complaint in this matter, your deponent attempted to serve an answer upon the plaintiff, but the attorney for the plaintiff declined to accept said answer on the grounds that at that time there was an order issued assessing damages in this matter and the matter had been set down for inquest originally as of April, 1959 and adjourned to October 5, 1959.” The said lawyer does not say when he was retained by the defendant or when he received the summons and complaint from the defendant with instructions to serve an answer. He does not say how the matter was set down for inquest, whether before or after he received the summons and complaint, nor does he say how or when the inquest was adjourned to October 5,1959. Most importantly, he does not explain why he waited from April, 1959 until September 30, 1959, five days before the scheduled inquest, to appear before this court for relief. What did the defendant’s lawyer do from April to September 30, to be relieved of the impending and menacing consequence of an inquest judgment which would be entered against his uninsured client in an amount, considering the very serious type of injury involved herein, big enough to choke one of the defendant’s horses! There is no answer to this question in the moving papers, making it more difficult for the court to arrive at its decision.
*621 The plaintiffs, on the other hand, are not home free — they, too, are capable of being wounded. The evidence in the moving-papers establishes that plaintiffs had the wrong address of the defendant in the affidavit used to obtain the order for substituted service. An order for substituted service issued by the court upon an affidavit with this type of infirmity subjects the order to attack and might render it nugatory. Also, although not mentioned in the moving papers by the defendant nor relied upon by him, section 217 of the Civil Practice Act requires the court, upon terms and conditions, to allow a defense to the action in a case where the summons is served pursuant to an order for substituted service and the defendant so served does not appear. This section confers broad discretion upon the court in granting this relief.
The court is dealing here with its ward, the infant plaintiff, with whose welfare and best interests we are deeply concerned and, also, with an uninsured defendant who, I am satisfied, wants to defend this action. It would not be just under these circumstances to permit an inquest to be taken and thus deny the defendant his day in court. It seems to me that justice would be served if the default of the defendant is opened. The order setting the case down for inquest is vacated and the defendant granted 10 days from the entry and service of the order to be entered hereon within which to serve his answer.
Because the defendant is not insured plaintiffs pray, as a condition of granting defendant’s motion, that the defendant be required to post a surety company bond or cash or securities in a sum not less than $5,000. On the oral argument of this motion defendant’s counsel made it clear to me that defendant is unable to post a bond. Instead of a bond requirement, the court will grant a trial preference so that no prejudice will flow to the infant plaintiff because of the delay. The court directs that this case be preferred and set down for trial for December 7, 1959, upon the plaintiff filing a note of issue and paying the fee therefor.
Settle order on notice.