J. Robert Lynch, J.
The petitioner, defendant Joseph Stone moves to vacate the summons allegedly served on him by “mailing and nailing” under CPLR (subd. 3).
Once it is determined that a summons cannot be delivered with diligent effort to the proposed defendant in person, CPLR 308 (subd. 3) sets up an alternative method of service that requires that two steps be taken before an affidavit of service can be filed. First, the summons must be mailed to the defendant’s “last known residence”. Second, it must be affixed to the door of the defendant’s “ place of business, dwelling house or usual place of abode, ” or it must be delivered to a person of suitable age and discretion at one of those places.
Plere we are satisfied that the process server made diligent efforts to serve the petitioner in person and that thereafter the process was mailed to and nailed at the same address in Fayetteville, New York. We are satisfied that, to the process server at least, this was both the petitioner’s last known residence and his last known place of business. We are also satisfied that the process server had no reason to believe that there might be either a more recent residence or place of business. (See Polansky v. Paugh, 23 A D 2d 643; Jauk v. Mello, 45 Misc 2d 307.) Yet, the fact is that almost three months before the mailing and nailing at Fayetteville the petitioner acquired a new residence and place of business at Oran, New York.
It is conceded that one requirement of CPLR 308 (subd. 3) was fulfilled — that the summons was mailed to the petitioner’s last known residence. But, may the nailing be at the last known residence or place of business as argued by the respondent? Or, must it be at the actual dwelling or place of business, the one in fact, as argued by the petitioner ?
We have found no cases on the point, but our attention has been called to Professor McLaughlin’s commentary (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, 1966 pocket part, p. 109 et seq.) in which he makes this decisive statement: “ The statute permits the summons to be mailed to the defendant’s ‘ last known ’ residence, but it has no corresponding 1 last known ’ provision in the affixation or delivery segment. In short, while the mailing may be made to the defendant’s last known residence, the delivery must be made to a place where the defendant in fact works or dwells. ” (p. 113).
While this conclusion is not the direct object of the commentary, the latter’s reasoning is so broadly stated as to answer our question. “ It is well at the outset to recall that the concept of jurisdiction over the person entails two distinct ideas: (1) *229 a basis for jurisdiction; and (2) fair notice to the defendant. ” “ The basis of jurisdiction is usually the defendant’s physical presence in the state of his domicile in New York. ” “ The requirement that there be a basis for in personam jurisdiction means simply that the defendant must have certain contacts with the forum to make it reasonable for New York to assert jurisdiction over his person. The notice element implies that process must be served on the defendant in a fashion calculated to apprise him that he is being sued, and to afford him an opportunity to litigate. It is suggested that CPLB 308 (3) is concerned solely with this second or notice-giving aspect of jurisdiction and in no way relates to the basic aspects. Assuming a valid predicate for the assertion of in personam jurisdiction, then it is submitted that CPLB 308 (3) governs merely the physical process of giving the defendant notice. ” (p. 110).
The respondent’s argument must fail because it contains no valid predicate for the assertion of in personam jurisdiction. To permit service to be based entirely on the fact of one’s former residence or former place of business would be, by simple extension, an effort to gain jurisdiction over everyone who ever lived or worked in the State. This certainly was not the intention of the drafters of the new practice. The history of the statute discloses that “ last known ” was never used as an expression apart from the mailing provision, that the mailing provision was grafted on to the others only because the combination of them was ‘ ‘ calculated to insure that actual notice is given to the defendant ”. (Fifth Preliminary Report of N. Y. Adv. Comm., p. 266.)
The respondent’s argument must also fail because it would destroy the assurance of actual notice that is the statute’s purpose. “ If a defendant has acquired a new residence, mailing and affixing to the old one could hardly be deemed service reasonably calculated to give notice. Thus, if defendant had proved that he had acquired a new residence, service would have been deemed invalid.” (A Biannual Survey of N. Y. Practice, 39 St. John’s L. Rev. 421.)
The respondent asks that if we grant the petitioner’s motion we then grant him an order permitting service on the petitioner under CPLR 308 (subd. 4). We see no necessity for such an order since the service presumably can now be made at the petitioner’s address in Oran. We note too that the respondent recognizes that such service ‘ ‘ would have to be initiated on or before the expiration of the Statute of Limitations ”. If by this the respondent is asking us to assume that if served now the petitioner would raise the defense of the statute and wants *230 us to rule on its validity, we can only say that nothing the respondent has shown us convinces us that the statute has not run.
The petitioner’s motion to vacate service of the summons is granted. The respondent’s motion for leave to serve under CPLR 308 (subd. 4) is denied without prejudice.