B. Thomas Pantano, J.
Defendant De Carlos, sued herein as Marilyn Patricia De Carlos, by way of defense to an action for *838 personal injuries arising out of an automobile accident, sets up an affirmative defense of the Statute of Limitations and, further, that the court does not have jurisdiction over her in that the summons and complaint were not served pursuant to CPLB 308.
On a motion by plaintiff to strike these defenses, it was directed that a hearing be held on the question of service, and that a decision on that portion of the motion addressed to the affirmative defense that the Statute of Limitations has expired, abide the resolution of the issue of jurisdiction. That portioh of the motion for leave to serve a summons and complaint nunc <pro tunc was denied.
Service of process in the District Court must be in the same manner as in the Supreme Court. (UDCA §§ 404, 405.) CPLB 308, read with section 403 of TJDCA, insofar as it is applicable here, provides that where service cannot be made by personal delivery within the county with due diligence, service may be effected by mailing the summons to the person to be served at his last known residence, and affixing the summons to the door of her dwelling house or usual place of abode within the county.
The affidavit of service herein states that the process server made proper and diligent efforts to serve the defendant at 7:45 a.m., 3:35 p.m., and 7:50 p.m. on April 4, 1967, and at 8:45 a,m. and 6:30 p.m. on April 5,1967, at 451 Fulton Avenue, Hempstead, N. Y., and that on April 6,1967, he mailed a copy of the summons and complaint to the defendant at that address and affixed a copy of the same to the door of 451 Fulton Avenue, Hempstead, N. Y., stating it to be her dwelling house and usual place of abode within the State.
At the hearing, the testimony of the process server added nothing to the bare contents of the affidavit. The premises involved, it developed, is a six-story apartment house and the defendant, when she resided there, lived on the fifth floor. However, since the date of the accident, and in January, 1966, she moved to Central Islip.
The testimony of the process server was very vague and has virtually no probative value. No effort was made to locate the defendant through the telephone book or the post office, nor was there any other acceptable explanation of how service was attempted on a person who no longer resided on the premises.
The court concludes that there was no showing of due diligence, noir a proper affixing to the door of defendant’s “ dwelling house or usual place of abode,” as required by the statute.
The process server’s testimony on the manner of the affixing of the summons and complaint was very vague and self-contradictory. The best that could be spelled out was that possibly *839 he affixed the papers to the front door of a six-story apartment house. This is insufficient compliance with the statutory requirement that the summons and complaint be affixed to the door of defendant’s dwelling house oir usual place of abode.
The service here certainly falls far short of meeting the statutory requirement. Either of the deficiencies above discussed would vitiate the service herein.
The court further notes, however, that it has been held that service by “ nailing and mailing ” at an abode where the process server has been informed the defendant does not reside is bad serivee because there is no reasonable probability of notice to the defendant. (Polansky v. Paugh, 23 A D 2d 643; Jauk v. Mello, 45 Misc 2d 307; Entwistle v. Stone, 53 Misc 2d 227.)
This probability of notice coming to the attention of the defendant is no greater if the process server had not been so informed that the defendant had removed. It would seem that due diligence used in the effort to effect service by delivery of .the papers to the defendant would have revealed that the defendant no longer resided on the premises.
The defense that jurisdiction was not obtained over defendant De Carlos because service was not effected in accordance with the provisions of the statute is well taken.
The motion to strike the first affirmative defense is denied and summary judgment granted in favor of defendant De Carlos dismissing the action as to her for lack of jurisdiction over her person. (Blatz v. Benschine, 53 Misc 2d 352.) So much of the motion as attacks the second affirmative defense is rendered academic.