301 S.E.2d 227

**Amelia CORDELL**

v.

**Rome JARRETT, Jr.**

No. 15389.

Supreme Court of Appeals of
West Virginia.

Dec. 9, 1982.

Rehearing Denied March 30, 1983.

Lee M. Kenna, Kenna & Forbes, Charleston, for appellee.

William W. Pepper & Andrew S. Nason, Charleston, for appellant.

HARSHBARGER, Justice:

Jarrett rented a lot for his mobile home in Ms. Cordell's trailer park. In January, 1979, she sued him in magistrate court for unlawful detainer. Her complaint sought to have Jarrett "remove trailor [sic] from my property and pay up his rent of which he owes $100.00." She asked for "$100.00 back rent, Possession of Lot, plus court costs." Magistrate Holbrook found for Cordell and awarded her $100.00 plus costs in February, 1979. Jarrett appealed to circuit court, and on April 3, he moved out of his mobile home but did not remove it from the park. He notified the United States Postal Service and magistrate court of his change of address; but not the circuit court clerk to whom his file had been sent when he appealed. On April 17, Ms. Cordell moved Jarrett's trailer.

The Kanawha County Circuit Clerk's office mailed notices to Jarrett and Cordell on January 7, 1980 that Jarrett's appeal would be heard on January 17. His notice was sent to his old trailer park address. He did not receive it, but it was not returned to the circuit clerk for failure of delivery.

Cordell appeared before a circuit judge and a hearing was set for March 13, 1980. Jarrett did not appear. She testified that four and one-half months' rent was due and she had sustained damages for removal of his trailer and lost profits. The judge entered judgment for $2,100 on March 24.

Jarrett moved to set aside the judgment because he had not received notice,[1] the court denied his motion, and he appealed to us.

■ Motions to set aside default judgments are governed by W.Va.Rules of Civil Procedure, Rules 55(c) and 60(b). Jarrett failed to appear because he was not aware that his appeal was being heard. This is mistake or unavoidable cause, Rule 60(b)(1), and a good reason justifying relief, 60(b)(6). It would have been better practice for Jarrett to have notified the circuit court clerk about his move instead of the magistrate clerk, or checked with the circuit clerk to see the status of his cause. Actual notice is not an absolute prerequisite to jurisdiction, but lack of actual notice may provide justification for setting aside a default. *Plumley v. May,* 140 W.Va. 889, 87 S.E.2d 282 (1955). *Accord, Horn v. Intelectron Corp.,* 294 F.Supp. 1153 (S.D. N.Y.1968); *Ellington v. Milne,* 14 F.R.D. 241 (E.D.N.C.1953); *Miller v. F.M.W. Drilling Co.,* 140 Cal.App.2d 728, 295 P.2d 412 (1956); *Jones v. Lindsey,* 114 Cal. App.2d 237, 250 P.2d 153 (1952); *Hamilton*

*v. Bogorad, Klein, Schulwolf, Masciovecchio, Inc.,* 275 So.2d 41 (Fla.App.1973); *Dann v. Gumbiner,* 29 Ill.App.2d 374, 173 N.E.2d 525 (1961); *Rossten v. Wolf,* 14 Ill.App.2d 322, 144 N.E.2d 757 (1957); *Fitzgerald v. Brown,* 168 Ind.App. 586, 344 N.E.2d 309 (1976); *National Car Rental v. S & D Leasing, Inc.,* 89 Mich.App. 364, 280 N.W.2d 529 (1979); *Miller v. Holzhauser,* 19 Misc.2d 619, 192 N.Y.S.2d 981 (1959); *Townsend v. Carolina Coach Co.,* 231 N.C. 81, 56 S.E.2d 39, 20 A.L.R.2d 1174 (1949). A party should not be deprived of his opportunity to be heard on the merits when he failed to appear for lack of notice. *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974); *State ex rel. Battle v. Demkovitch,* 148 W.Va. 618, 136 S.E.2d 895 (1964). He had not resided at the trailer park for eight months when the notice setting a hearing date was mailed to him there.[2] He filed an affidavit that he never received notice. *Accord, Jones v. Lindsey, supra; Hamilton v. Bogorad, Klein, Schulwolf, Masciovecchio, Inc., supra; Parker v. Dingman,* 122 Cal.Rptr. 309, 48 Cal.App.3d 1011 (1975). We have consistently encouraged hearings on the merits and liberal construction of W.Va.Rules of Civil Procedure, 55(b), 55(c), and 60(b).

1. While a default judgment obtained in accordance with the provisions of Rule 55(b), West Virginia Rules of Civil Procedure, is a valid and enforceable judg-

---

**1.** We also note that once Jarrett entered his appearance by appealing, Rule 55(b)(2) requires that he be given three days' written notice of the hearing for a default judgment. A judgment entered without this notice is erroneous. *Investors Loan Corp. v. Long,* 152 W.Va. 673, 166 S.E.2d 113 (1969); *Wilkes v. Ricks,* 126 Ga.App. 266, 190 S.E.2d 603 (1972); *Miller v. Belk,* 18 N.C.App. 70, 196 S.E.2d 44 (1973), *cert. denied; Maier Construction, Inc. v. Ryan,* 81 Wis.2d 463, 260 N.W.2d 700 (1978).

**2.** The Ohio Supreme Court voided a default judgment wherein process was mailed to a defendant's residence address from which he had removed where defendant still had a known business address where process could have been served. Defendant did not receive notice and the court found a lack of strict compliance with the service statute requiring service at his "last known address." *Conner v. Miller,* 154 Ohio St. 313, 96 N.E.2d 13 (1950). For other cases

where a judgment was set aside or voided for service of notice at the wrong address: *Grammenos v. Lemos,* 457 F.2d 1067 (2d Cir. 1972); *Wakerman Leather Co. v. Irvin B. Foster Sportswear Co.,* 27 A.D.2d 767, 277 N.Y.S.2d 56 (1967); *Jones v. Lindsey, supra; Neher v. District Court for Fourth Judicial District,* 161 Colo. 445, 422 P.2d 627 (1967); *Cohen v. Bayne,* 28 Conn. Sup. 233, 257 A.2d 38 (1969); *Clinton Co. v. Eggleston,* 33 Ill.Dec. 850, 78 Ill.App.3d 552, 397 N.E.2d 183 (1979); *Guedry Finance Co. v. Breland,* La.App., 192 So.2d 884 (1966); *Hengel v. Hyatt,* 312 Minn. 317, 252 N.W.2d 105 (1977); *A & S Manufacturing Co., Inc. v. Wetzler,* 110 N.J.Super. 565, 266 A.2d 316 (1970); *Wilson v. O'Neal,* 58 Misc.2d 837, 296 N.Y.S.2d 812 (1969); *Entwistle v. Stone,* 53 Misc.2d 227, 278 N.Y.S.2d 19 (1967); *Grant v. Ivy,* 69 Ohio App.2d 40, 23 Ohio Ops.3d 34, 429 N.E.2d 1188 (1980); *Thoenes v. Tatro,* 270 Or. 775, 529 P.2d 912 (1974); *Keller v. LaBarre,* 225 Pa.Super. 504, 311 A.2d 683 (1973).

ment, a motion to set aside such judgment should be granted upon the showing of good cause therefor as prescribed in Rule 60(b) of the aforesaid rules.

2. Inasmuch as courts favor the adjudication of cases on their merits, Rule 60(b) of the West Virginia Rules of Civil Procedure should be given a liberal construction. Syllabus Points 1 and 2, *Hamilton Watch Company v. Atlas Container, Inc.*, 156 W.Va. 52, 190 S.E.2d 779 (1972).

Syllabus Points 1 and 2, *Hamilton Watch Company v. Atlas Container, Inc.*, 156 W.Va. 52, 190 S.E.2d 779 (1972). *See* Syllabus Point 2, *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979); Syllabus Point 2, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972).

■ *Parsons, supra* at Syllabus Point 3, instructs a trial court to consider whether there will be prejudice to a nondefaulting party, caused by delay; whether there are material issues including meritorious defenses; the significance of interests at stake; and the degree of intransigence of the defaulting party. Ms. Cordell will not be prejudiced by setting aside the default because she has possession of her lot, and damages are not continuing to accrue. Jarrett asserted that he has a meritorious defense, and he stands to lose over $2,000 and timely filed his motion to set aside the default. Any doubt about whether to set aside a default judgment against a party who claims to have a meritorious defense and who sought relief in a timely fashion, should be resolved by setting aside the judgment. *Parsons, supra* 190 S.E.2d, at 11–12. *Accord, Horn v. Interlectron Corp., supra; Union Oil Co. of California v. Hudson Oil Co., Inc.*, 131 Ariz. 285, 640 P.2d 847 (1982); *Miller v. F.M.W. Drilling Co., supra; Hamilton v. Bogo-*

rad, Klein, Schulwolf, Masciovecchio, Inc., supra; Dann v. Gumbiner, supra; Fitzgerald v. Brown, supra; National Car Rental v. S & D Leasing, Inc., supra; Miller v. Holzhauser, supra; Commonwealth, Department of Transportation v. Nemeth, 497 Pa. 580, 442 A.2d 689 (1982); Maier Construction, Inc. v. Ryan, 81 Wis.2d 463, 260 N.W.2d 700 (1978). See 10 Wright and Miller, Federal Practice and Procedure, Civil § 2695 and cases in footnote 24 (1969 and Supp.); 6 Moore's Federal Practice, §§ 55.09, 55.10[1]–[4] (2d Ed. 1972); 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Civil § 1217 (1972). See generally Note, Service of Process by Mail, 74 Mich.L.Rev. 381 (1975–76).

Jarrett also argued that Cordell should not be permitted to claim more damages than she did in magistrate court.[3]

■ An appeal from magistrate court is a trial *de novo* in circuit court. W.Va. Code, 50–5–12. *State ex rel. Browning v. Oakley*, 157 W.Va. 136, 199 S.E.2d 752 (1973); *Cook v. Continental Casualty Co.*, 82 W.Va. 250, 95 S.E. 835 (1918); *Bratt v. Marum*, 24 W.Va. 652 (1884). W.Va.Rules of Civil Procedure, Rule 81(a)(1), provides that in trials *de novo* resulting from appeals from magistrates, "no pleadings other than those used in the case in the ... [magistrate] court may be used except by order of the appellate court in the proceeding after the appeal has been granted or perfected." It also recognizes that all rules of civil procedure, other than Rules 26 through 37, apply. This means that once an appeal has been granted, but not prior thereto, a party may move to amend pleadings, Rule 15,[4] Syllabus Point 5, *Pribble v. Stanley*, 74 W.Va. 75, 81 S.E. 577, 578 (1914), and that a party is entitled to a judgment for any relief to which he or she

3. W.Va.Rule 55(c) provides that a default judgment shall "not differ in kind from or exceed in amount that prayed for in the demand for judgment." A default judgment that exceeds the prayed for relief violates this rule. Because we are setting aside the default, this shall not be an issue on remand (unless there is a subsequent default).

4. *Davis v. Parkin*, 75 Idaho 266, 270 P.2d 1007 (1954); *Ball v. Kemp*, Mo., 419 S.W.2d 55 (1967); *Cindrick v. Scott*, 226 Mo.App. 153, 42 S.W.2d 957 (1931); *Bryan v. Miller*, 73 N.D. 487, 16 N.W.2d 275, 280 (1944); *Heffernon v. Higdon*, 189 Okl. 434, 117 P.2d 768 (1941); *Davis v. Arnett*, 27 Tenn.App. 1, 177 S.W.2d 29 (1944); *American National Ins. Co. v. Murillo*, 11 S.W.2d 849 (Tex.Civ.App.1928). *See generally* 51 C.J.S. *Justices of the Peace* § 191.

is entitled, even if a lesser amount was demanded in the pleadings. Rule 55(c).

In such action of unlawful detainer begun before a justice and appealed by the defendant to the circuit court, the circuit court, on the verdict finding for plaintiff damages for rent accrued to plaintiff may in addition to pronouncing judgment for possession, and pursuant to sections 172 and 218, chapter 50, Code 1913, give judgment also in favor of plaintiff, and against defendant and those who signed his appeal bond as sureties, for the amount of such damages, though in excess of the amount of damages claimed in the summons of the justice.

Syllabus Point 5, *Pribble v. Stanley, supra.*

*Accord, Saia v. Lusco,* 155 La. 191, 99 So. 34 (1924); *Zitzer v. Jones,* 48 Md. 115 (1878); *Archer v. High,* 193 Miss. 361, 9 So.2d 647, 648 (1942); *Norvell v. Schupbach,* Mo.App., 185 S.W.2d 323 (1945); *Finch v. Gregg,* 126 N.C. 176, 35 S.E. 251 (1900), *overruled on other ground, Mason v. Nelson,* 148 N.C. 492, 62 S.E. 625 (1908); *Horton v. Early,* 39 Okl. 99, 134 P. 436, 437 (1913); *Meredith v. Bell,* 7 S.W.2d 605 (Tex.Civ.App.1928). *See* 51 C.J.S. *Justices of the Peace* § 194. Amendments for additional causes of action may not be allowed on appeal from magistrate court. *Accord, Gaster v. Belak,* 318 A.2d 628 (Del.Super. 1974); *McClintock v. Casson,* 252 A.2d 111 (Del.Super.1969); *Albinola v. Horning,* 39 Idaho 515, 227 P. 1054 (1924); *McMahon v. Charles Schulze, Inc.,* Mo.App., 483 S.W.2d 666 (1972); *Ingalsbe v. St. Louis–S.F. Ry. Co.,* 295 Mo. 177, 243 S.W. 323 (1922); *Wilson v. Wilson,* 30 Ohio St. 365 (1876). Copies of amended pleadings must be served on all parties and would provide adequate notice. Rule 5(b).

▬▬▬ The circuit court's jurisdiction is derivative. It may only entertain appeals from cases in which a magistrate had jurisdiction. Syllabus Point 3, *State ex rel. Honaker v. Black,* 91 W.Va. 251, 112 S.E.

497 (1922).[5] Magistrate court jurisdiction is limited in W.Va.Code, 50–2–1:

[M]agistrate courts shall have jurisdiction of all civil actions wherein the value or amount in controversy or the value of property sought, exclusive of interest and cost, is not more than one thousand five hundred dollars. Magistrate courts shall have jurisdiction of matters involving unlawful entry or detainer of real estate so long as the title to such real estate is not in dispute. Except as the same may be in conflict with the provisions of this chapter, the provisions of article three [§ 55–3–1 et seq.], chapter fifty-five of this Code, regarding unlawful entry and detainer, shall apply to such actions in magistrate court.

Civil actions for damages greater than $1,500 (formerly $300) may not be commenced in magistrate court. *Bodley v. Archibald,* 33 W.Va. 229, 10 S.E. 392 (1889). And a single cause of action may not be split to give a magistrate jurisdiction. *State ex rel. Shawver v. Casto,* 136 W.Va. 797, 68 S.E.2d 673 (1952); *Bodley v. Archibald, supra; Hale v. Weston,* 40 W.Va. 313, 21 S.E. 742 (1895).

Cordell had one cause of action for unlawful detainer. She commenced her action in magistrate court for rent due and owing at that time. By the time Jarrett's appeal was heard, her damages had increased measurably and exceeded the magistrate court's jurisdictional amount.

▬▬▬ We have a case directly on point in West Virginia. Syllabus Point 1 of *State ex rel. Honaker v. Black, supra,* states:

Where a justice of the peace has jurisdiction to entertain a suit in unlawful entry and detainer at the time it is instituted, the same will not be defeated because the plaintiff has sustained damages, between the time of the institution of the suit and the rendition of the final judgment therein by the circuit court upon appeal, in an amount in excess of the justice's jurisdiction.

---

**5.** Some courts have determined that a demand for relief cannot exceed the justice's jurisdiction. *Rojas v. Kimble,* 89 Ariz. 276, 361 P.2d 403 (1961); *Hobbs Auto Co. v. Jones,* 140 Miss. 610,

105 So. 764 (1925); *Stacey Cheese Co. v. Pipkin,* 155 N.C. 394, 71 S.E. 442 (1911); *Addison v. Salyer,* 185 Va. 644, 40 S.E.2d 260 (1946).

*Honaker* turned on a special statute granting circuit courts jurisdiction in unlawful detainer appeals to award damages until time of final verdict. That particular statute is no longer in effect, but Code, 50–4–5 [6] and Code, 55–3–2 [7] were enacted to prevent the very mischief discussed in *Honaker* at 91 W.Va. 255, 112 S.E.2d 498:

> The purpose of this legislation was to obviate the necessity of bringing another suit to recover the damages which the complaining party might sustain from the time of the institution of the suit to the date of final judgment, in case he had judgment for the possession of the premises. Such new suit would be brought in the very same court in which the appeal was pending, and the Legislature determined that this jurisdiction, as well as the jurisdiction derived from the justice of the peace by the appellate proceeding, could as well be exercised at one time, and upon one trial, inasmuch as it involved only one subject-matter and the relations of the parties thereto, as to require the trial of two separate suits involving the very same inquiry in both, one of which would be only supplementary to the other.

This principle is good law today and only the particular statutes underlying it have changed.

We reverse the trial court's decision not to set aside the default, and remand the case for trial.

Reversed and remanded.

---

6. W.Va.Code, 50–4–5 was amended in 1981 to include:

"At any trial in any matter involving unlawful entry and detainer and in the trial of any case in any way involving the possession, use or control of rental property, it is permissible for a party to plead, prove and obtain judgments for all rent due and owing the party."

7. Damages for unlawful detainer are mesne profits *"until verdict,* including any special damages properly chargeable to the defendant that the plaintiff shall have suffered from detention of the premises." W.Va.Code, 55–3–2. (Emphasis supplied.)