Francis T. Murphy, Jr., J.
This is a motion by MVAIC, on behalf of defendant Harry Robinson, to vacate the purported service of a summons and complaint. On the scant affidavits submitted in this matter only meager information is supplied to the court. However, it is shown that on or about May 29, 1964, a process server served defendant Robinson, also known as Robson, pursuant to CPLR 308 (subd. 3) by “ mailing and nailing ”. It further appears that a different process server served the same defendant with a supplemental summons and complaint on or about August 11, 1964, pursuant to the same statute and in a similar manner. However, in the affidavit of the second process server, he avers that he spoke to the superintendent and was informed that the defendant did not reside at the address where service was to be effected. On the prior service the process server averred that he spoke to an unidentified man twice who stated that the defendant did reside there, was not at home and refused to make an appointment for personal service. While there is some doubt as to whether jurisdiction was acquired by the service of the first summons and complaint, there can be little doubt that the service of the second supplemental summons and complaint was ineffectual to acquire jurisdiction. “ This method of mailing plus either affixing the summons on the door or other suitable place * * * is based partly upon the method for service presently used in summary proceedings to recover real property. It is calculated to insure that actual notice is given to the defendant” (Legislative Studies and Reports, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 308, p. 476). “ The object of this provision is to broaden the provisions of personal service while still remaining within the boundaries of sufficient and adequate notice required by due process ” (1 Weinstein-Korn-Miller, N. Y. Civ Prac., par. 308. 14). Surely, service by ‘‘ mailing and nailing” at an abode where the process server has been informed that the defendant does not reside, cannot be said to be calculated to insure that actual notice is given or would give sufficient or adequate notice to satisfy the requirements of due process. Accordingly, the service of the supplemental summons and complaint purportedly served on or about August 11, 1964 is vacated.