Samuel J. Silverman, J.
Motions under calendar Nos. 87 and 120 on the calendar of March 26, 1973 are consolidated for disposition.
*1070 The motion is for an order directing the respondent as lienortrustee, to deliver to petitioner, as beneficiary, a verified statement of books and records.
The cross motion is for an order dismissing the petition on the ground that the court does not have jurisdiction over the respondents, who assert that they were served with this petition by mail.
The service here was technically insufficient. It was made by mail. But apparently this was a good-faith mistake on the part of petitioner’s attorney; he misread the statute. Respondents redeived the mailed notices; they have actual knowledge of the proceedings; they are here represented by attorney in this proceeding; and they are domieiliaries of New York subject to the in personam jurisdiction of the New York courts even without personal service, provided the appropriate statutes are complied with.
It seems to me that a mature jurisprudence can no longer afford the luxury of litigation about how a domiciliary who is subject to the in personam jurisdiction of this court received the process and papers which he admittedly received and which gave him full notice of the proceeding where the party respondent or defendant has not defaulted and is represented by attorneys in the proceeding; where no substantive rights (e.g., Statute of Limitations) dependent on date of service are involved; and where there was not a deliberate defiance of the statute. In those circumstances, I can see no possible purpose to litigating the question of how respondents got the papers or requiring petitioner to give another copy of the papers to respondents by the useless and primitive formalism of physically handing it to them.
In such circumstances, we should no longer have this kind of wasted effort. Instead the defect should be treated as a “ mere irregularity ” rather than a fatal jurisdictional defect, of course giving the respondent or defendant an opportunity to answer.
I note that although subdivision (c) of CPLR 403 requires that a notice of petition be served in the same manner as a summons in an action, subdivision (d) of that section provides that “ The court may grant an order to show cause to be served, in lieu of a notice of petition at a time and in a manner specified therein ”. Thus the court could originally have directed service by mail; and where as here service has been made by mail, and respondents actually have the papers and are represented by attorneys in the proceeding, I think the court would be well within its power and discretion if it made such an order mmc pro tunc. That is the effect of the decision I am making.
*1071 The probable inability of petitioners to obtain a default judgment on the basis of this kind of irregular service plus possible delay in answer is probably a sufficient assurancé that attorneys will not willfully disregard the statute, without putting everybody to the useless effort of further service, motions to the court, trial of disputed issues of fact as to how defendants or respondents got the physical piece of paper they and their attorneys in fact have, etc.
In Matter of Caro v. Jones (41 A D 2d 829) the Appellate Division, First Department, affirming the denial of a motion to dismiss a petition said: ‘1 Regardless of the alleged infirmities in the manner of the service of the order to show cause, there was a showing of actual notice to the respondent below who, in fact, did appear at the court on the return day of the order to show caus,e ”. That observation is equally applicable to the case at bar.
Cross motion to dismiss for lack of personal jurisdiction is denied. Respondents may answer within five days after service of a copy of the order hereon and this decision, after which petitioners may renotice the matter pursuant to CPLR 404.