Jacob Lutsky, J.
In this proceeding for support pursuant to article 4 of the Family Court Act, the respondent was served with a summons by mail which he admittedly received prior to the return date set for the hearing on petitioner’s application.
Respondent has appeared specially through his attorney moving to set aside such service by mail on the grounds there has been no compliance with section 427 of the Family Court *759 Act and accordingly the summons and any other subsequent process is invalid and the proceeding should be dismissed.
Admittedly service of the summons herein was not made personally (§ 427, subd, [a]) nor was it made by substituted service (§ 427, subd. [b]).
Subdivision (c) however provides that “(c) In a proper case, service of a summons and petition under this section may be effected by mail.”
A similar provision is found in subdivision 5 of CPLB 308 in dealing with the procedures to be followed in making personal services upon a natural person.
After providing for procedures in effecting personal service, subdivision 5 states: “5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.” (Emphasis added).
It appears clear that subdivision 5 is designed to give the court discretion to permit special modes of service where there is no other mode of service available. So long as the court provides methods that are reasonably calculated to give the respondent notice of the lawsuit and an opportunity to be heard, no constitutional problem arises. (Milliken v. Meyer, 311 U. S, 457 [1940], rehearing den. 312 U. S. 712 [1941].) Provided that the notice is reasonable, it will be upheld. (Dobkin v. Chapman, 21 N Y 2d 490 [1968].)
The same principles of constitutionality apply as well to subdivision (c) of section 427 of the Family Court Act.
There has been submitted to this court an affidavit by the Deputy Executive Officer of the Family Court[1] certifying that it is. impractical and impossible to serve summonses personally as it has no staff to handle the tremendous number of cases in this court. Accordingly, the court has found it appropriate to *760 serve summonses by mail as authorized by subdivision (c) of section 427.
*759 “ I am the Deputy Executive Officer of the Family Court of the State of New York, in the City of New York, familiar with the procedure with respect to service of summonses issued by said Court.
“All summonses have been made in the past and are presently served by mailing same to the respondents, and an Affidavit of Service by Mail is made out by the person mailing said summonses. The Family Court has no staff at all to serve process personally, and a tremendous number of cases are continually coming to this Court.
“ Therefore, it would be impossible and impracticable to serve said summonses in person, and pursuant to Subdivision C of Section 427 of the Family Court Act, this Court has found it appropriate to mail said summonses in lieu of personal service.”
*760 That this procedure has been found to be reasonable is shown by the fact that rarely has a question been raised as to the propriety of notice by mail although there have been thousands of cases processed through this court by mail. In the court’s own personal experience over the past seven and one-half years this is the first case presented to it on the question of validity of service by mail. In fact, the respondent herein admits to timely notice by mail.
Although administrative procedures over a long period do not necessarily validate a patently illegal act, they should be given great weight where they can be used in interpreting the meaning and intent of a statute where there is a rational and reasonable basis (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 129).
The case of Rodoe v. Noneus (23 A D 2d 212 [4th Dept., 1965]), wherein service by mail in a paternity procedure in the Family Court was held to be invalid, is distinguishable from the instant case.
Section 525 of the Family Court Act provides for service of process in paternity proceedings either by personal or substituted service. It does not have a provision similar to subdivision (c) of section 427 of the Family Court Act permitting service by mail in a proper case. '
The validity of the warrant is not in issue here since it was not issued pursuant to section 427 or for failure to answer the summons. It was issued pursuant to section 428 (subd. [a], par. [v]) of the Family Court Act which authorizes the issuance of a warrant for various reasons among which is one where “(v) the safety of the petitioner is endangered”.
For all of the foregoing reasons the respondent’s motion is denied in all respects, the validity of the service of the summons is upheld and this court holds that the respondent is properly subject to the jurisdiction of the court.
This matter is set down for June 29, 1973, for a hearing on the petitioner’s application for support.

. “I, leah makes, being duly sworn, deposes and says: