Shirley W. Kram, J.
This proceeding is brought by the petitioner, a resident of Canada, pursuant to the Uniform Support of Dependents Law. She seeks support for herself and three infant children, issues of the marriage of the parties, in accordance with a Canadian support order in the amount of $80 weekly.
The Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A) makes provision for a dependent in one State or country to petition there that a reciprocating State enforce a duty of support against a respondent domiciled, residing, or found in the latter, with the testimony being taken from each ex parte in their respective locations. The law of the forum controls any procedural matters that the Uniform Support of Dependents Law does not specifically mention (Domestic Relations Law, § 37, subd. 2; Matter of Trent v. Loru, 57 Misc 2d 382): “If the respondent be a resident of or domiciled in such state and the court has or can acquire jurisdiction of the person of the respondent under existing laws in effect in such state, such laws shall govern and control the procedure to be followed in such proceeding.” Thus the applicable provision in this forum, dealing with service of notice, is section 427 of the Family Court Act.
*594 Pending before the court is respondent’s motion to dismiss these proceedings on the grounds that there has been no compliance with section 427 of the Family Court Act, inasmuch as the summons herein was not served personally upon the defendant pursuant to subdivision (a) of section 427 nor was substituted service made pursuant to subdivision (b) of section 427, thereby, the respondent contends, not invoking the court’s jurisdiction over him.
This precise issue has been recently before this court in Matter of Zeek v. Zeek (74 Misc 2d 758), wherein the Family Court’s admitted policy of service by mail in derogation of the statute was upheld. The case was appealed and the case at bar pended in anticipation of a definitive ruling by the appellate court on this issue. The Appellate Division, Second Department on March 4, 1974, rendered its decision in the Matter of Zivkovic v. Zivkovic (44 A D 2d 558, affg. Matter of Zeek v. Zeek), never reaching the question of the propriety of the purported service made pursuant to subdivision (c) of section 427 of the Family Court Act: “ In a proper case, service of a summons and petition under this section may be effected by mail. ’ ’ Therefore at this date, we still are presented with this same question.
Inasmuch as in the case at bar, the respondent admitted receiving notice and did not default, the service by mail is deemed a mere irregularity rather than a fatal defect of jurisdiction. Moreover, mail service originally could have been directed by the court herein.
By upholding the method of service in this case since the respondent admits notice and was not prejudiced, the court is by no means approving of the policy practiced in the Family Court as expressed by the affidavit of a Deputy Executive Officer, set forth in the Zeek decision (supra), namely, that the court makes no attempt to make personal service and automatically mails the notices. Such deliberate defiance of the statute will in an appropriate case render the “ service” a nullity. (Matter of Fagenson v. First-York 86th St. Corp., 73 Misc 2d 1069;)
Accordingly, upon the facts in this case, the respondent’s motion is denied.