Sybil Hart Kooper, J.
This is a proceeding for support pursuant to article 4 ¡of the Family Court Act. The Clerk of the court mailed a summons to the respondent, directing’ him to appear for a hearing. No attempt at personal or substituted service was made prior to the mailing of the summons.
The respondent has appeared specially and moved, pursuant to CPLR 3211 (subd. [a], par. 8) to dismiss the petition on the ground that service by mail in the first instance does not comply with the requirements of section 427 of the Family Court Act and, therefore, this court lacks jurisdiction over the person of the respondent.
Section 427 provides as follows: “ (a) Service of a summons and petition shall be made by delivery of a true copy thereof to the person summoned at least three days before the time stated therein for appearance. If so requested by the respondent or by a parent or other person legally responsible for his care, the court shall not proceed with the hearing or proceeding earlier than seven days after such service.
“ (b) If after reasonable effort, personal service is not made, the court may at any stage in the proceedings make an order providing for substituted service in the manner provided for substituted service in civil process in courts of record.
“(c) In .a proper case, service of a summons and petition under this section may be effected by mail.”
A reading of section 427 clearly indicates that service is to be made personally, and only upon failure to effect the same is substituted service “ in the manner provided for substituted *199 service in civil process in courts of record ” to be allowed. (Family Ct. Act, § 427, subd. [b].)
Thus, CPLR 308 is explicitly incorporated in the Family Court Act. A close reading of section 308 demonstrates that it is, in fact, similar to section 427 of the Family Court Act. Subdivision 5 of CPLR 308 and subdivision (c) of section 427 of the Family Court Act are also similar, and service pursuant thereto may be made only upon a showing that personal and substituted service is impracticable, requiring another method of service to be ordered at the court’s discretion. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 308.17, citing Dobkin v. Chapman, 21 N Y 2d 490, 498-500, affg. 25 A D 2d 745, 46 Misc 2d 260; Prince v. Prince, 69 Misc 2d 410.)
This is the respondent’s contention: that only upon a showing that service of process pursuant to section 427 (subds. [a] and [b]) cannot be effected, may the Family Court invoke its discretion to allow petitioner to avail herself of the provisions of subdivision (c) of section 427.
The Corporation Counsel, appearing for the petitioner at the request of the court pursuant to section 254 of the Family Court Act, argues that since the respondent received notice of the proceeding the manner in which that notice was given is irrelevant.
The court does not agree with this contention.
There is no statutory authority for sending a summons by mail in the first instance. Section 427 clearly implies that service by mail “in a proper case ’’ applies to situations where the petitioner has failed at personal and substituted service. Thus, all mailed summonses are subject to motions to set aside except when properly sent under subdivision (c) of section 427.
Service of process by ordinary mail — the general practice in the Family Court in the City of New York (with a. few exceptions by certain Judges) —is allegedly employed as a service to the parties and agencies. It has been argued that this method has been used since 1962 and that it is folly to question its legality now.
The issue is: should the court indulge in a practice which would be improper if done by an attorney?
Does the repetition of an improper act make it lawful, custom and expedience notwithstanding ?
The court is mindful of the decision of Zeek v. Zeek (74 Misc 2d 758). In that case an affidavit by the deputy executive officer of the Family Court was submitted stating that the court has neither the funds nor the staff to effect personal service. This *200 is probably true, but it misses the point —that no section of the Family Court Act directs the court to undertake the responsibility for service of a summons.
Petitions in the Family Court are calendared for the return date when the summons is mailed, whether or not it has actually been received by the respondent. There are numerous reasons why, when cases are called, the respondents to whom these summonses were mailed fail to appear. Postal deliveries are uncertain, particularly in low income areas. Incorrect addresses are furnished to the court. The summons and petition is written in English only and many of the parties who appear in the court are Spanish-speaking. Often the summons is returned as undeliverable because, in our highly mobile society, the respondent has moved to a new address. (The United States Census reports that 47% of the population had moved in the period between 1965 and 1970.) Thus, service by mail ab initio is not service reasonably calculated to give notice to a respondent.
There are' countless adjournments for nonappearance of respondents. In fact, one out of eight cases on the Kings County Family Court calendar is adjourned without meaningful action as a result of the respondent’s absence. (Interim Report on the Kings County Family Court Administrative Adjournment Center, Institute of Law and Social Process, Tables AP. 3 and AP. 4, pp. 47-48.)
When the mailed summons is not returned, and when a respondent fails to appear, some Judges will issue a warrant for his arrest, without even the formality of an affidavit of service. Respondents Who have never received notice of a hearing are actually arrested and brought before the court. This occurs only in New York City. In most of the counties outside the city, after a respondent fails to appear, the summons is given to the sheriff to effect personal service.
Contrast this with the Small Claims Court, the only other court to use the mails. All summonses in that court are sent by the court, by registered mail, and when an undelivered summons is returned to the court the plaintiff is requested, on the return date, to effect personal service. The case is neither heard by a Judge nor recalendared until the plaintiff files an affidavit of service. In Civil Court and Supreme Court, a case is not even docketed until a plaintiff files a summons together with an affidavit of service.
In the Small Claims, Civil and Supreme Courts failure of the defendant to appear after proof of service can result in *201 a default judgment being entered against him. In the Family Court failure of a respondent to appear, without proof of service of process, can result in his arrest.
In a recent unreported decision in the case of Mingo v. Mingo (Family Ct., Nassau County, Docket No. F1457/73) it was stated: ‘ ‘ Family Courts, at least in the Metropolitan area, invoke this mode of service (mail). It is imperative because of the volume of cases handled by the court and in most instances, the respondents appear and submit to the jurisdiction of the court.”
It is axiomatic that a large volume of cases cannot excuse the circumvention of the law. In 1973 there were approximately 7,000 adult (family offense, paternity, support and Uniform Support of Dependents Law) cases on the Family Court calendar in Kings County. In almost every case process was served by regular mail.
During thé same year, 1973, there were approximately 7,000 matrimonial cases on the calendar in the Supreme Court, Kings County. In almost every case process was personally served. Thus, with an equal volume of cases, the Supreme Court adhered strictly to the statute concerning service of process, while the Family Court did not.
It is clear that the Family Court Act was drafted so that the new Family Court, now a court of record, would be more formal and predictable and generally in accord with the practice of other courts of record of the State of New York. (1 Weinstein-Korn-Miller N. Y. Civ. Prac., par. 101.13.) Section 165 of the Family Court Act, as amended in 1963, clearly shows that it was the legislative intent to incorporate and graft onto the Family Court Act as much of the ideology and philosophy of the Civil Practice Law and Rules as possible. (Schwartz v. Schwartz, 23 A D 2d 204.)
In short, although the Family Court is a court of limited jurisdiction, it should not be a court of limited procedure.
Section 167 of the Family Court Act provides for a conclusive presumption of proper service when a respondent personally appears before the court “ unless such person or some one in his behalf shall on such return day make objection to the manner of service.” The respondent in the instant case, through his attorney, is making objection to the manner of service. However, the overwhelming majority of respondents served by mail appear personally, believing the summons to be legal, and unknowingly waive jurisdictional objections.
*202 A statute relating to service and jurisdiction must be narrowly construed. (Wilson v. O’Neal, 58 Misc 2d 837; see, also, discussion 1 Weinstein-Korn-Miller N. Y. Civ. Prac., par. 308.13 et seq. and cases cited therein.)
In Rodoe v. Noneus (23 A D 2d 212, 214), a filiation proceeding, it was held: “ In filiation proceedings, as in every matter which comes before the Family Court, the practice should conform with the requirements of the Family Court Act and the CPLR.” (Emphasis supplied.)
It is interesting to note that the Family Court in New York City, years after this case was decided, still serves process by ordinary mail in most filiation proceedings, although there is no mention of that method of service in section 525 of the Family Court Act.
Thus, unless and until the Legislature sees fit to amend the Family Court Act, all service by mail in the first instance would seem to be improper. It is hoped that the Legislature will consolidate the various sections of the Family Court Act providing for varied service in different types of actions into> a simple, specific unambiguous section. Perhaps, the statutes could be amended to provide for service by certified or registered, mail. Until this is done, and absent guidelines pursuant to which the court may order service by mail pursuant to subdivision (c) of section 427, a summons in this court should be served personally. We cannot read into the present statutes the right to do that which is merely convenient and customary.
Based on all of the foregoing, the court finds that in personam jurisdiction of the respondent has not been obtained. Service of the summons is set aside without prejudice.