**BRADFORD TRUST COMPANY, as Trustee of the Trust created in conjunction with Employee Profit Sharing and Benefit Plan of Franklin National Bank, et al., Plaintiffs,**

v.

**George J. WRIGHT et al., Defendants.**

**No. 75–C–1611.**

United States District Court,
E. D. New York.

Feb. 17, 1976.

LeBoeuf, Lamb, Leiby & MacRae, New York City, for plaintiff Bradford Trust Co. by Ernest S. Ballard, Jr., New York City, of counsel.

Hughes, Hubbard & Reed, New York City, for plaintiff Federal Deposit Ins. Corp., as Receiver and in its corporate capacity, and for the individual plaintiffs by Amalya L. Kearse, New York City, of counsel.

Meyer, English & Cianciulli, P. C., Mineola, N. Y., for defendants Wright, Dillon, Ericsson and Schmitt by Bernard S. Meyer, Mineola, N. Y., of counsel.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendants Beisler, Webster, Tuohy and Wangeman by Edward C. McLean, Jr., New York City, of counsel.

JUDD, District Judge.

## MEMORANDUM AND ORDER

Plaintiffs have moved for an order pursuant to F.R.Civ.P. 23(c)(1) that this action may be maintained as a class action.

The action is brought to settle the account of the Trustee of the Employee Profit Sharing and Benefit Trust (the Trust) of Franklin National Bank (FNB), to direct the distribution of the trust assets, and for other related relief.

### Facts

On October 8, 1974, FNB was declared insolvent by the Comptroller of the Currency of the United States and Federal Deposit Insurance Corporation (FDIC) was appointed its receiver pursuant to statute. 12 U.S.C. §§ 191, 1821(c). On the same date, Bradford Trust Company (Bradford) became Trustee of the Trust, in place of Franklin National Bank. In addition to Bradford and FDIC there are three individual plaintiffs, who are members of a new committee appointed by FDIC to succeed the Trust Committee of FNB as administrator of the FNB Employee Profit Sharing and Benefit Plan (the Plan).

There are two groups of defendants, seven individuals who were employees of FNB and participants in the Plan before the receivership, and four individuals who were members of the FNB Trust Committee responsible for the administration of the Plan prior to October 8, 1974. Two of the former employees defendants, Frank J. Hager and William W. Schroeher, have not been served, and one, Frank S. Woodruff, has been served but has defaulted in answering.

There are approximately 2,770 persons who had an interest in the Plan on and after January 1, 1974. Some had left the employ of FNB before October 7, 1974, and all the rest ceased to be employees of FNB on October 8, 1974, when the bulk of FNB's assets were transferred by FDIC as Receiver to European-American Bank & Trust Company. Individual statements have been mailed to each participant showing his interest in the cash and "cash equivalents" held by the Trustee. The cash and cash equivalents were worth approximately $3,746,121.64 on August 31, 1975. The assets of the Trust also include shares of common and preferred stock of Franklin New York Corporation, the parent corporation of FNB.

The individual defendants who were served as members of the class all had vested interests in the Trust. There were approximately 126 participants in the Plan who retired during the few months preceding October 8, 1974 and whose interests in the Trust were not fully vested. The aggregate amount they would have been entitled to receive if fully vested is $13,670.06. They will be informed by the notice proposed to be sent to all class members, that they have a right to appear in the proceeding and to urge that the Plan terminated prior to October 8, 1974, if they choose to do so.

Four named defendants who were participants in the fund have requested the firm of Meyer, English & Cianciulli to represent them in the case, and the court has signed an order authorizing that firm to act in reliance on receiving an allowance from the Trust assets, to be fixed by the court, without any personal liability on the part of the individual defendants.

Federal jurisdiction is based both on the fact that FDIC is a plaintiff, 12 U.S.C. §§ 1819, 1821(d), and on the provisions of the Employee Retirement Income Security Act which give federal jurisdiction in cases relating to employee pension and profit sharing trusts. 29 U.S.C. § 1132(f).

### Discussion

If there were not a special basis for federal jurisdiction in this action, it would have been brought in the New York State courts as a special proceeding to settle the accounts of the trustee of an express trust under Article 77 of the New York Civil Practice Law and Rules. Jurisdiction over all beneficiaries in such an action could be obtained by mail. *Fagenson v. First-York 86th Street Corp.,* 73 Misc. 1069, 343 N.Y.S.2d 774 (Sup.Ct. N.Y.Co.1973); *cf.* N.Y. Banking Law § 100–c, subd. 12(2); *Application of Corn Exchange Bank Trust Co.,* 276 App.Div. 430, 95 N.Y.S.2d 210 (1st Dept. 1950); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 318–19, 70 S.Ct. 652, 659–60, 94 L.Ed. 865 (1950).

In adapting federal procedure to the relatively novel problem of settling the accounts of an *inter vivos* trustee, who must account to a great many beneficiaries, the class action provisions of Rule 23, F.R.Civ.P., furnish a convenient and appropriate procedure. *American Finance System, Inc. v. Harlow,* 65 F.R.D. 94 (D.Md.1974).

This is a real class action and not a spurious one, for all the defendants have an interest in the same trust *res. Dixon v. Northwestern National Bank,* 276 F.Supp. 96 (D.Minn.1967).

While it is unusual for a class to consist of defendants rather than of plaintiffs, Rule 23(a) is clear that "a class may sue *or be sued* as representative parties." (Emphasis added). The first three requirements of Rule 23 are clearly met, that the class is numerous, that there are common questions of law or fact, and that the claims of the defendants in the trust *res* are typical of the claims of the class. The court is satisfied from the papers that the fourth requirement has also been met, that the representative defendants will fairly and adequately protect the interest of the class. The skill of counsel is not decisive in this respect, but the selection of eminent and experienced counsel fortifies the evidence available from the papers with respect to the ability and determination of the four participants to represent the class properly.

The amounts involved for the participants in the Trust who did not have vested claims when their employment terminated is so small that any issue concerning special treatment for them may be regarded as minimal. Moreover, in the light of the definition of termination of a plan in the regulations, there would be little likelihood of supporting a differentiation. Internal Revenue Regulation 1.401–6(b)(2). The reference to this group in the proposed notice is sufficient to call their attention to any potential rights, without creating a separate subclass.

There appears to be no other group in the proposed class which has any conflict

of interest with the class as a whole. The court may create subclasses hereafter if it shall appear appropriate.

The case falls within subdivision (b)(1) of Rule 23 in that separate actions against individual members of the class would create a risk of inconsistent or varying adjudications. Moreover, an adjudication of the rights of individual members of the class would definitely impede the ability of other members of the class to protect their interests, since there is a limited fund to be distributed and to meet all claims. See Supplementary Note of the Federal Rules Advisory Committee to Rule 23(b)(1)(B), U.S.C.A. (1972 ed.) pp. 297–98.

It is not necessary to determine whether the action falls also within other subdivisions of Rule 23(b).

No party has made any objection to the proposed form of notice annexed to the moving papers. The court deems it desirable, however, to make three changes in the notice, first to mention in Paragraph (a) that Messrs. Davis, Holm and Murphy are plaintiffs in their capacity as the present Trust Committee, and that Messrs. Beisler, Webster, Tuohy and Wangeman are defendants in their capacity as members of the former Trust Committee; second to add an explanation in Paragraph (c) that two named defendants have not been served and one has not filed any answer; and third, to give the name and address of counsel who filed the answer for the named defendants, so that participants may communicate with them.

Although notice by mail would presumably reach every participant in the Plan, there may be some who have changed their address or died and would not receive a mailed notice. The court therefore deems it appropriate to publish the notice once in the New York Times.

It is Ordered that this action may be maintained as a class action pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure against defendants George J. Wright, George L. Dillon, Bruce E. Ericsson, and Alfred H. Schmitt as representatives of a class comprising all former employees of Franklin National Bank who were participants in the Franklin National Bank Employee Profit Sharing & Benefit Plan, and who left the employ of said Bank after January 1, 1974; all such former employees who left the employ of said Bank before January 1, 1974 and elected to leave all or part of their interest invested in the Trust; and their beneficiaries, estates, representatives and successors in interest.

Plaintiffs' counsel should submit a supplemental order approving an amended form of notice and containing provisions for the mailing and publication of such notice, on two days' notice to other counsel.